FRANCIS HOPKINSON, Plaintiff in Error, v. THE PEOPLE, Defendants in Error.

ERROR TO BUREAU.

It does not follow, in the trial of an indictment for an assault with intent to murder, that if A. had been killed by a pistol shot, it would have been murder; that because the killing, had it occurred, would not have been justifiable; therefore, the shooting of a pistol by B. amounted to an assault with intent to murder.

If the circumstances attending the assault, were such as to justify a reasonable conclusion in the mind of B. of impending danger of serious bodily injury, and he discharged his pistol solely from the instincts of self-preservation, he would not be guilty, although he was not in any actual danger.

The jury should determine under what circumstances the assault was made, and the instructions should be given hypothetically; and not assume the existence of a certain state of facts.

THE opinion of the court furnishes a statement of the case. This cause was tried before HOLLISTER, Judge, at October term, 1855, of the Bureau Circuit Court. Hopkinson was found guilty, and prosecutes this writ of error.

M. T. PETERS and G. W. STIPP, for Plaintiff in Error.

W. BUSHNELL, State's Attorney, for The People.

SKINNER, J. This was an indictment against Hopkinson for an assault upon Cummings with intent to murder. The evidence showed that on the evening prior to the alleged assault, the parties met and had some words, whereupon Cummings caught Hopkinson by the throat and choked him down, and that Hopkinson, on getting loose from Cummings' hold, ran off; that the next day they again met with others, when Cummings accosted Hopkinson, referring to their previous difficulty, telling him to "stand off;" that Hopkinson then drew a pistol; that Cummings advanced upon Hopkinson, telling him to "put up his pistol," and Hopkinson retreated, or fell back, calling to Cummings to "stand back or he would shoot him," when Hopkinson fired, but without effect, and fled, Cummings chasing him.

The jury found the defendant guilty and the court refused a new trial. The court gave, on the part of the People, the following instructions:

1st. "If the jury believe, from the evidence, that the defendant in April last, and within this county, made an assault upon John Cummings, with a pistol, under such circumstances that if Cummings had been killed, such killing would have been murder, then the jury are bound by law to find the defendant guilty.

2d. "The fact that Cummings had spoken disparagingly of defendant's work, or told him to put up his pistol, or advanced toward him, without any threat, or offer of violence, would not justify defendant in using a deadly weapon, and if he did use a deadly weapon in assaulting Cummings, under such circumstances, and Cummings had been killed thereby, then the defendant would have been guilty of murder.

3d. "The killing of Cummings, if it had resulted from defendant's assault, would not have been justifiable or excusable, unless the danger to Hopkinson was so great that in order to save his own life or prevent his receiving great bodily harm, the killing of Cummings was absolutely necessary.

4th. "If Cummings had been intentionally killed in the assault by defendant, the defendant would have been guilty of murder, unless he had received a serious and highly provoking injury, and was roused thereby to an irresistible passion, or that the killing of Cummings was necessary to save defendant 'rom being killed, or from receiving great bodily injury."

It is true, if the circumstances were such that if Cummings had ›een killed by the shot, it would have been murder, the defen.lant, failing to kill, would have been guilty of an assault with intent to murder ; but it does not follow that because the killin ·, had it occurred, would not have been justifiable or excus; ble, that, therefore, the shooting amounted to an assault with i.·tent to murder. Justifiable homicide, is the taking of human life in the necessary defense of one's person against violenc. ; in the defense of his property or habitation against those eı.deavoring to, commit a felony, or to enter the habitation in a violent, riotous or tumultuous manner, with intent to commit violence to persons therein, from unavoidable necessity, or under judgment of the law. Excusable homicide, is the unfortunate or accidental killing of another, without intention and in doing a lawful act, with ordinary circumspection. And "all other instances standing upon the same footing of reason and justice," come within these rules. Criminal Code, Secs. 32, 36, 37 and 38.

The circumstances attending the killing may be such that the act is neither justifiable nor excusable, and still not be murder.

It may amount to manslaughter only, in which case, had death not ensued, the person assaulting could not be guilty of an assault with intent to murder. Ibid. Secs. 25, 26, 27 and 28.

The apparent object, or, at least, tendency of the three first instructions was to give the jury to understand, that if Cummings had been killed by the shot, and the circumstances in such case would not have justified or excused the act, the

defendant would, therefore, be guilty of the crime charged. If the circumstances attending the assault were such as to justify a reasonable conclusion, in the mind of Hopkinson of impending danger of serious bodily injury from Cummings, and he acted from the instincts of self-preservation and not from motives of malice or revenge, he could not be guilty of the crime charged, although, in fact, there was no actual danger. Ibid. Secs. 33 and 52; *Campbell* v. *The People*, 16 Ill. R. 17.

The second instruction is objectionable in assuming a certain state of facts to exist, and from which the jury might conclude they were deemed by the court, established. It was for the jury to determine under what circumstances the assault was made, and the instruction should have simply stated the law hypothetically, arising out of the given state of facts, that is, if so found by the jury. *Sherman* v. *Dutch*, 16 Ill. R. 283; *Wall* v. *Goodenow*, id. 415.

Judgment reversed and cause remanded.

*Judgment reversed.*