## HENRY BOND AND JOHN SHINN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. INSTRUCTIONS—*should not assume facts as proven.* Instructions should be given hypothetically, and be so drawn as to state the law upon a supposed state of facts to be found by the jury, and not assume the facts as proved.

2. So on the trial of a party under an indictment for an assault with an intent to murder, where the court instructed the jury that if a certain fact existed "at the time the assault to murder was made," they should find the defendant guilty, the instruction was held erroneous because it assumed that the defendant made an assault to murder, a fact it was the province of the jury alone to decide.

3. GENERAL VERDICT *of "guilty"—in criminal cases.* A general verdict of "guilty" is sufficient, without specifying of what offense, either by description, or by reference to the indictment or otherwise. It is understood to mean guilty of the offense charged in the indictment.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Henry Bond and John Shinn were indicted in the Circuit Court of Clinton county, on the 7th of March, 1865, for an assault, with intent to murder one John Love. The cause was afterward removed into the Circuit Court of Marion county on change of venue. A trial was had in that court at the March Term, 1865, in the progress of which the court, on behalf of the prosecution, gave this instruction :

" 2. And if the jury believe, from the evidence, that Bond and Shinn were together and acted in concert *at the time of the assault to murder was made*, they should find them equally guilty."

The jury returned the following verdict :

" We, the jury, find defendants guilty, and fix the term of their confinement in the penitentiary at one year each."

A motion for a new trial was overruled, and judgment was entered upon the verdict. The defendants thereupon sued out this writ of error, and now allege the instruction was erroneous in assuming the defendants to have made an assault to murder, when that should have been left to the jury to determine ; and that the verdict was insufficient in not specifying of what offense they were found guilty.

Mr. H. K. S. O'MELVENY, for the plaintiff in error.

Mr. JUSTICE BREESE delivered the opinion of the Court :

The objection to the second instruction given for the people is well taken. It is this: " If the jury believe, from the evidence, that Bond and Shinn were together, and acted in concert, at the time of the assault to murder was made, they should find them equally guilty. "

The objection is obvious. By this instruction the jury are plainly told that the defendants made an assault to murder. No other meaning can be given to the language used. It amounts to a finding by the court of the very fact the jury were sworn to try. The intent with which the assault was made, if one was made, was for the jury to determine. It might not have been to do murder. Instructions should be given, as this

court say, in *Hopkinson* v. *The People*, 18 Ill. 264, and in *Sherman* v. *Dutch*, 16 id. 283, and in other cases, hypothetically, and be so drawn as to state the law upon a supposed state of facts to be found by the jury, and not assume the facts as proved. *Eames* v. *Blackhart*, 12 id. 195; *Wall* v. *Goodenough*, 16 id. 415.

Upon the other point made, that the verdict is not specific, that it does not find the defendants guilty of any offense, we have to say that in the case of *Armstrong* v. *The People*, 37 Ill. 459, it was held such a verdict was sufficient. That it found, substantially, the party guilty of the offense charged.

For the error in giving the second instruction the judgment is reversed and the cause remanded.

*Judgment reversed.*