## SOPRIS *v.* TRUAX.

REPLEVIN — *wrongful taking* — *demand and refusal.*  In replevin it is necessary to show a wrongful taking or detention of the property in controversy, and it is erroneous to instruct the jury that the only matter in dispute is the ownership of the property.

PLEADING IN REPLEVIN — *fraud.*  The rule which requires that fraud be specially pleaded does not apply to the action of replevin.

INSTRUCTIONS — *as to facts.*  Instructions to the jury should be confined to the law of the case, leaving the facts to be determined by the jury.

PRACTICE — *motion to restore competency of witness.*  A motion for leave to file a new bond, in order to obtain the testimony of a surety in the original bond, should be based upon affidavit showing the materiality of the testimony which is to be obtained.

*Error to Probate Court, Arapahoe County.*

THE instructions given at the trial, which are referred to in the opinion of the court, are as follows :

"1st. That the only matter in dispute in this case is the ownership of the property in question.

2d. That fraud can never be presumed ; that fraud must not only be alleged in the pleadings in specific terms, but it

must be proved, and the jury are instructed that there is no allegation of fraud in any of the pleadings that make up the issue to be tried in this case.

5th. That evidence, tending to show that James W. Truax was occasionally in possession of some of the property in dispute, or had used the same at different times, is not sufficient proof of ownership in him, particularly when there is evidence uncontradicted that the property belonged to the plaintiff."

The third instruction asked by the plaintiff in error, and refused by the court, is as follows:

" That unless the jury find from the evidence that the plaintiff demanded the property from the defendant, mentioned in the second count of the declaration, they must find for the defendant on said second count."

Mr. ALFRED SAYRE, for plaintiff in error.

Mr. L. B. FRANCE, for defendant in error.

HALLETT, C. J. This was an action of replevin, the first count in the declaration being for taking, and the second count for detaining, the property in controversy. Upon the trial in the court below, there was no evidence whatever to show a taking of the property as alleged in the first count, or a detention as alleged in the second count. The evidence was directed to the question of the ownership of the property, and if it should be conceded that the plaintiff below established her title, she was, nevertheless, bound to demand the possession of the property before she commenced suit. *Ingalls* v. *Bulkley*, 13 Ill. 315.

The third instruction asked by the plaintiff in error and refused by the court should have been given, and the first instruction given for defendant in error should have been refused. The ownership of the property was not the only matter in dispute upon the trial of the cause. We are at a loss to determine what question of fraud arose upon the trial in the court below, to which the second instruction, given on behalf of the defendant in error, could be applied.

But, if there was such question, it was not correct to say that the pleadings must disclose it. The rule which requires fraud to be specially pleaded does not apply to the action of replevin. The instruction was calculated to mislead thy jury and should not have been given.

By the fifth instruction for the plaintiff below, the jury were plainly told that certain evidence was not sufficient to establish a disputed fact, and this was followed by a declaration that the evidence introduced by the plaintiff below, upon the same point, was uncontradicted. It is generally known among members of the legal profession at this day, that the jury are the judges of the weight and sufficiency of testimony, and that the court must allow them to determine the facts in all cases. Nevertheless, we will direct attention to the twenty-eighth (28) section of our practice act, by which courts are confined to the law of the case when instructing juries, and to one authority upon this point. *Bond et al.* v. *The People*, 39 Ill. 26.

The defendant below desired to call one of his sureties upon the replevin bond as a witness in the cause, and moved the court for leave to file a new bond with a view to relieve the surety of incompetency because of his liability on the bond. This motion was not supported by affidavit, and therefore the court was not advised as to the materiality of the testimony of the surety, and error cannot be assigned upon the denial of the motion. We do not think it necessary to examine the testimony upon the trial in the court below and the objections thereto, as the judgment must be reversed for error in giving and refusing instructions.

The judgment of the probate court is reversed, with costs, and the case is remanded for a new trial.

*Reversed.*