North Chicago Rolling Mills Co. v. Monka.

---

THE NORTH CHICAGO ROLLING MILLS COMPANY

v.

ANDREW MONKA.

1. MASTER AND SERVANT—LIABILITY OF MASTER FOR INJURIES.—The law imposes upon an employer only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery for the use of his servants. He is in no sense an insurer of the actual safety of such machinery.

2. COMPARATIVE NEGLIGENCE.—A plaintiff who has been guilty of slight negligence, may recover of a defendant who has been guilty of gross negligence, or whose conduct has been willful or wanton; but it is not enough that the negligence of the defendant should be greater than that of the plaintiff, or that any degree of disparity between the two should exist, less than that which is expressed by the terms slight and gross.

ERROR to the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed December 8, 1879.

North Chicago Rolling Mills Co. v. Monka.

This was an action on the case, brought by Andrew Monka against the North Chicago Rolling Mills Company, to recover damages for a personal injury suffered by the plaintiff while in the employ of the defendant. The circumstances of the injury, as disclosed by the record, are substantially as follows:

The defendant at the time owned and operated a blast furnace and rolling mills in Chicago, and connected with the furnace were certain underground flues, which occasionally had to be entered by the workman for the purpose of removing the ashes which accumulated therein. To cut off the gases in the flues so as to enable the workman to enter the same, an iron door or "damper" was made to slide through grooves from the surface of the ground downwards, to the bottom of the flue. To facilitate the raising and lowering of this door, a weight was attached thereto by means of a wire cable running over a pulley, located at a convenient height from the ground.

In April, 1873, the plaintiff became employed as a laborer in and about the defendant's furnace, and continued in such employment until sometime in September, 1876, when, at the request of the defendant's superintendent, he undertook to assist in lowering said door, and while he was so doing, the cable became detached from the door, and the weight falling, struck and injured his foot so that a portion of it had to be amputated.

The negligence charged against the defendant consists in furnishing and suffering to remain in use, an insufficient and defective clamp for attaching and suspending said weight. Said clamp was what is known in mechanics as a "sister hook," which consists of two hooks engaging in opposite directions, so that when closed, the one laps upon the other so as to form a complete circle. The evidence shows that said clamp had been attached to said door for several years, and when first attached, it was bound around with a cord to prevent the hooks from separating, and afterwards the cord was removed and an iron wire substituted in its place. It appears that the damper had to be used only at intervals of several months, and there is evidence tending to show that, at the time the plaintiff was injured the wrapping had in some way got off from said hooks. One of the questions in the case was, whether the employees of the

defendant who were charged with the duty of seeing to it that said apparatus was in repair, had actual or constructive notice of the condition of said clamp. It was urged that the plaintiff either knew, or by a proper attention to his duties might have known, that said clamp was in a dangerous condition.

The first and fifth instructions given to the jury at the instance of the plaintiff, are as follows:

1st. " The jury are instructed, as a matter of law, that it is the duty of an employer to provide ordinarily safe machinery and appliances in his business, and keep the same in reasonable repair, and to use all reasonable precaution in protecting the workmen employed in such business from injuries which might be caused by the neglect of the employer in that regard; and if the jury shall believe from the evidence, that the plaintiff was employed by the defendant, the North Chicago Rolling Mills Company, at about the time mentioned in the declaration, and that the plaintiff had his right foot crushed by the falling of a weight used to balance an iron door or damper in defendant's rolling mill, or furnace, and that such weight fell in consequence of defendant's neglect in not properly and safely fastening or attaching the hooks by which the same was fastened to the rope connected with such weight, then the jury must find the defendant guilty; unless the jury shall believe from the evidence, that the plaintiff was on his part negligent at the time of the accident, and that his negligence, or that of his co-laborers at the time, materially contributed to the accident.

5th. The jury are instructed that it is the duty of a master or employer to provide machinery and apparatus reasonably safe for the purpose for which it is used; and if the jury shall believe from the evidence, that the plaintiff was in the employment of the defendant company, and was, while working in the mill of the defendant, under the direction of the manager or superintendent of defendant, pushing or pulling down a door or damper which was attached to a wire rope, which wire rope ran over a pulley, and to the other end of which, and suspended in the air, was attached a block of iron of about 1000 pounds weight, in such a position that if it dropped it would be likely to fall upon a person who should be engaged in pushing down

North Chicago Rolling Mills Co. v. Monka.

said door; and shall further believe from the evidence, that from want of due skill and attention on the part of defendant's manager or superintendent, or other officer, the means of appliance by which said door or damper was attached to said wire rope were insufficient in strength or construction, or unskillfully applied to the purposes of suspending said door or damper, or that the chain or rope attached to said door or damper was unskillfully or negligently attached, and that the defendant, by its superintendent or manager, was negligent in that behalf, and that by reason of such insufficient, unskillful or negligent attachment, and without any carelessness on the part of plaintiff, or of his co-laborers acting with him at the time the rope became detached from the said door or damper, and the weight suspended by said rope suddenly fell to the ground and struck and crushed the foot of plaintiff, then the jury should find the defendant guilty, and may assess the plaintiff's damages at such sum as you believe from the evidence will remunerate plaintiff for the injury by him sustained."

The sixth instruction asked on behalf of the defendant, was modified by the court by the insertion of the words in italics, and given to the jury so modified. Said instruction, as given, was as follows:

" If the jury believe, from the evidence, that the plaintiff, with other workmen, got upon the damper in question, and took hold of the wire rope attached to the same, and he, or those with him, negligently or carelessly pulled the same down, *and that he or they were careless in that behalf,* by reason of which the rope became detached, and thereby caused the plaintiff's injuries, then he cannot recover, *unless the jury also find, from the evidence, that the defendant was guilty of greater negligence or carelessness in the construction of the appliance for moving said damper, which contributed to the accident in a greater degree, so that the negligence of the plaintiff and his co-laborers was slight in comparison therewith, and only slightly contributed to said accident in comparison with the negligence of the defendant, and if these facts appear from the evidence."*

Exceptions were duly taken to the giving of the plaintiff's

instructions, and the modification of the one asked by the defendant, and the same are now assigned for error.

The jury by their verdict found the defendant guilty, and assessed the plaintiff's damages at $4,000; and the court, after overruling the defendant's motion for a new trial, rendered judgment in favor of the plaintiff on said verdict.

Mr. GEORGE WILLARD, for plaintiff in error; as to what constitutes negligence, cited Wharton on Negligence, § 3; Chicago v. Bixby, 84 Ill. 82.

A motion to strike out testimony improperly admitted is proper practice: Myers v. The People, 26 Ill. 176.

Expert witnesses should be shown to be qualified to give an opinion: C. & A. R. R. Co. v. S. & N. R. R. Co. 67 Ill. 142.

An employer is only bound to use reasonable care to provide safe machinery: Camp Point Mfg. Co. v. Ballou, 71 Ill. 421; Chicago v. Bixby, 84 Ill. 82; Town of Greyville v. Whittaker, 85 Ill. 439; Shearman & Redfield on Negligence, § 87.

As to negligenc: C. & N. W. R. R. Co. v. Jackson, 55 Ill. 492; T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; Quinn v. Ill. Cent. R. R. Co. 51 Ill 495; Ill. Cent. R. R. Co. v. Weldon, 52 Ill. 290; C. & N. W. R. R. Co. v. Clark, 2 Bradwell, 116; C. B. & Q. R. R. Co. v. Colwell, 3 Bradwell, 545.

As to the rule of comparative negligence: Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347; Sterling Bridge Co. v. Pearl, 80 Ill. 251; Village of Kewanee v. Depew, 80 Ill. 119.

Mr. H. F. VALLETTE and Mr. W. J. ENGLISH, for defendant in error; that it is the duty of an employer to provide safe machinery, cited Camp Point Mfg. Co. v. Ballou, 71 Ill. 421.

Even if the instructions are not technically correct, if the court can see, from the evidence, that the verdict is right, it will not be disturbed: Hall v. Sroufe, 52 Ill. 421; Haverly v. Keeler, 56 Ill. 152; Skill v. Caruthers, 88 Ill. 458; Newkirk v. Cone, 18 Ill. 449; N. E. F. & M. Co. v. Wetmore, 32 Ill. 221; Gilchrist v. Gilchrist, 76 Ill. 281.

BAILEY, P. J. The first and fifth instructions given on

behalf of the plaintiff fail to lay down the correct measure of care and diligence required of an employer in providing suitable and safe machinery, and other appliances for his employes.   He is in no sense an insurer of the actual safety of the machinery and appliances so provided.   The law imposes upon the employer only the obligation to use reasonable and ordinary care and diligence in  providing suitable and safe machinery. Camp Point Manufacturing Co. v. Ballou, 71 Ill. 417.   The instructions go farther than this, and require that the machinery shall actually be ordinarily or reasonably safe.   It amounts to a requirement that the employer shall be a guarantor or insurer of a reasonable degree of safety in his machinery, and in default of such degree of safety, whatever may have been his care and diligence in providing it, his liability becomes absolute.

Under this rule, all the plaintiff would be required to prove to make out a case would be, that the machinery was not ordinarily safe; whereas, under the well established rules of law he must go farther and show negligence on the part of the employer in the selection of the machinery, or in keeping the same in repair.

The first instruction is also erroneous, in that it assumes that the defendant was guilty of neglect in not properly and safely fastening or attaching the hooks by which the weight was fastened to the rope.   The jury are required to find from the evidence whether " such weight fell in consequence of defendant's neglect in not properly and safely fastening or attaching the hooks by which the same was fastened to the rope connected with such weight."   Here, manifestly, the negligence is assumed, and the jury are merely required to find whether the accident followed as a conseqence of such negligence.   In Bond et al. v. People, 39 Ill. 26, this instruction was given: " If the jury believe, from the evidence, that the defendants were together, and acted in concert at the time the assault to murder was made, they should find them equally guilty."   In commenting upon this instruction, the court says: " By this instruction the jury are plainly told that the defendants made an assault to murder; no other meaning can be given to the

language used. It amounts to a finding by the court of the very fact the jury were sworn to try."

Whether the defendant was guilty of negligence, was a question to be determined by the jury from the evidence, and the instruction should have submitted such question to them, and required them to pass upon it.

The fifth instruction given for the plaintiff, is liable to the further criticism that it submits to the jury the question of due skill and attention on the part of defendant's manager, etc., in attaching the damper to the rope. What is or is not due skill and attention, is a question of law for the court, and before requiring the jury to determine whether there was a want of it, the court should have informed them what would in law amount to due skill and attention.

The instruction given for the defendant, as modified, was clearly erroneous. It attempts to lay down the rule of comparative negligence which prevails in the State, but omits one of its essential elements. The rule as established by repeated adjudications, and as precisely defined by the more recent decisions of the Supreme Court is, that a plaintiff who is even guilty of slight negligence, may recover of a defendant who has been guilty of gross negligence, or whose conduct has been wanton and willful. Both of these conditions must exist, when the plaintiff is guilty of negligence, before he can recover. I. C. R. R. Co. v. Hammar, 72 Ill. 347. It is not enough that the negligence of the defendant should be greater than that of the plaintiff, or that any degree of disparity between the two should exist, less than that which is expressed by the terms *slight* and *gross*. These two words, as applied to this subject, have acquired a legal and technical signification, and no other words or phrases can properly fill their places. The instruction in this case allows the plaintiff to recover in case the negligence of the defendant is greater than his, and enough greater so that his is slight in comparison therewith. This may all be, and still the defendant's negligence not be gross. Negligence is divided by law writers into three degrees, viz: slight, ordinary and gross; and these words when applied to the subject of negligence, must be regarded as being used in reference to that classification.

The plaintiff's negligence may be pronounced slight when compared with or distinguished from the degree next above it, with the same propriety as when compared with the highest degree of negligence. In the case last above cited, the court holds that the plaintiff's negligence may have been slight as compared with the defendants, and still that of the latter may not have been gross.

For the errors in the instructions to the jury above pointed out, the judgment must be reversed and the cause remanded for a new trial.

Judgment reversed.