# THE GARTSIDE COAL COMPANY
## v.
# WILLIAM TURK.

*Master and Servant—Negligence of Master—Defective Appliance—Personal Injury—Superior Servant—Orders of—Evidence—Instructions.*

1. The duty of an employer is only to use reasonable care and diligence in providing machinery, in keeping it in proper condition and in the employment of servants to operate the same.

2. The question as to whether there was a specific risk attending a given employment, is for the jury.

3. In an action brought by a servant, to recover for injuries alleged, among other things, to have been suffered through the failure of his employer to provide reasonably safe machinery, this court holds, that the machinery employed was reasonably fit for the use to which it was applied, that it was kept in reasonably good condition, that certain instructions given were erroneous, and that the verdict for the plaintiff can not stand.

[Opinion filed September 11, 1891.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. WALKER & EDDY and SMITH, McELVAIN & HERBERT, for appellant.

The admission of the opinions of parties and engineers who were not familiar with the machinery, was error and prejudicial to appellant. City of Chicago v. McGiven, 78 Ill. 347; Keith v. Bliss, 10 Ill. App. 424.

An employer is not an insurer or a guarantor that the machinery used is fit for the purpose, or that employes are competent. The law simply requires that he use proper diligence in the selection of machinery and hiring of servants. Appellee's first and third instructions are error. I. B. & W. Ry. Co. v. Toy, 91 Ill. 474, 476; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417, 419; North Ch. Rolling Mills Co. v. Monka, 4 Ill. App. 664, 668; Allerton Packg. Co. v. Egan, 86 Ill. 253; C. & A. Ry. Co. v. Platt, 89 Ill. 141; Kranz v. White, 8 Ill. App. 583, 587; I. C. R. Co. v. Jones, 11 Ill. App. 324; C., R. I. & P. Ry. Co. v. Clark, 11 Ill. App. 104; W., St. L. & P. Ry. Co. v. Fenton, 12 Ill. App. 417, 420; C., C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545, 551; E. St. L. Packg. & Prov. Co. v. Hightower, 92 Ill. 139.

An employer is not required to adopt new machinery, improvements or devices.

Appellee's last instruction is error. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; C., B. & Q. Ry. Co. v. Smith, 18 Ill. App. 119, 122.

The question is not whether the master might have provided better machinery, but whether the machinery employed was suitable and proper for the business. Wood on Master and Servant, Sec. 692; Pennsylvania Co. v. Lynch, 90 Ill. 333.

The master is not liable because he may not have provided the safest machinery. Maginnis v. Bridge Co., 40 Mich. 466; Railway Co. v. Few, 15 Ill. App. 125; Railway Co. v. Smithson, 1 Am. and Eng. Ry. Cases, 101; Smith v. Railway Co., 69

Mo. 32; Randall v. Railroad Co., 109 U. S. 478; Payne v. Reese, 100 Pa. St., 301; C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 41, 43.

If a servant, knowing the hazards of his employment as the business is conducted, is injured while engaged therein, he can not maintain an action against the master merely on the ground that there was a safer mode for conducting the business, the adoption of which would have prevented the injury. Naylor v. C. & N. W. Ry. Co., 53 Wis. 661; Ladd v. Railroad Co., 119 Mass. 412; Clark v. Railroad Co. (Minn.), 2 Am. and Eng. Ry. Cas. 240, and cases cited; Sullivan v. India Mfg. Co., 113 Mass. 396; Stroblendorf v. Rosenthal, 30 Wis. 674; Morey v. Lower Vein Coal Co., 55 Iowa, 671; Way v. Ill. Cent. R. R. Co., 40 Ia. 341; Muldowney v. Ill. Cent. R. R. Co., 39 Ia. 615; Kroy v. Chicago, Rock Island & Pacific R. R. Co., 32 Ia. 357; Greenleaf v. Ill. Cent. R. R. Co., 29 Ia. 14; Pennsylvania Co. v. Lynch, 90 Ill. 334; Priestly v. Fowler, 3 M. & W. 1; Assop v. Yates, 2 H. & N. 768; Gibson v. Erie Ry. Co., 63 N. Y. 453; Lanning v. New York Central R. R. Co., 49 N. Y. 453; Camp Point Mfg. Co. v. Ballou, Adm'r, 71 Ill. 418, and cases cited; Clark v. Chicago, Burlington & Quincy R. R. Co., 92 Ill. 43; Railroad Co. v. Britz, 72 Ill. 261, and cases cited; Michigan Central R. R. Co. v. Austin, 4 Mich. 247; Simmons v. Ch. & T. Ry. Co., 110 Ill. 343; C., B. & Q. Ry. Co. v. Smith, 18 Ill. App. 119, 124.

Messrs. R. J. STEPHENS, and HILL & MARTIN, for appellee.

The employer is bound to use due diligence in providing and using safe machinery to be handled by its employes, and where an injury is occasioned by reason of a default of such duty, the negligence of a co-employe can not be shown as a defense. The Chicago & North-Western Ry. Co. v. Swett, 45 Ill. 197; Chicago & Alton R. R. Co. v. Shannon, 43 Ill. 341; C. & N. R. R. Co. v. Jackson, 55 Ill. 493; P., C. & St. L. R. R. Co. v. Thompson, 56 Ill. 139; L. & St. L. R. R. Co. v. Estes, 96 Ill. 470; C., B. & Q. R. R. Co. v. Avery, 109 Ill. 314; Tudor Iron Works v. Weber, 31 Ill. App. 306; Smith

v. Pen. Car Works, 60 Mich. 501; Lanning v. N. Y. C. R. R. Co., 49 N. Y. (Ct. of App.) 521; C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 272; T., W. & W. R. R. Co. v. Fredericks, 71 Ill. 294.

Perils occasioned by negligence of the defendant in respect of supplying safe instrumentalities, is not one of the "ordinary risks" assumed by the employe. Hough v. L. P. R. R. Co., 100 U. S. 213; C., B. & Q. R. R. Co. v. Gregory, 58 Ill. 284; Indianapolis, Bloomington & Western R. R. Co. v. Flannigan, 77 Ill. 365; Missouri Furnace Co. v. Abend, 107 Ill. 45.

And the rule as to the hazards assumed by the employe is greatly relaxed where the employe is a minor. Hill v. Gust, 55 Ind. 45; Smith v. Pen. Car Works, 60 Mich. 501; Dowling v. Gerard B. Allen & Co., 74 Mo. 13.

It is the duty of the master to employ competent and careful servants. He must use all reasonable precaution in this regard. United States Rolling Stock Company v. Wilder, 116 Ill. 100; I. C. R. R. Co. v. Jewell, 46 Ill. 99; Richardson v. Cooper, 88 Ill. 270; Shearman & Redfield on Negligence, Sec. 90. And this is a duty or contract to be affirmatively and positively performed and fulfilled. Lanning v. N. Y. C. R. R. Co., 44 N. Y. (Ct. of App.) 521.

The diligence required to be exercised by the defendant in regard to the safety of its employes, in regard to safe and secure machinery and appliances, and competent and careful servants, is the highest consistent with the operation of the work in hand.

SAMPLE, J. The appellee brought this suit to recover damages for an injury sustained while attempting to start a single cylindered engine of appellant's, by prying it off the center with an iron bar.

The main facts in the case are, that this engine was used at appellant's coal mine to operate the shaker that screened the coal. Occasionally the weight of the coal on the shaker would cause the engine to stop on the center, in which case it would have to be shoved off by hand. It had so stopped, at the

time of the accident to appellee, and the engineer, Biggs, who was stationed some feet above the engine and operated it by a rod extending to the throttle valve, ordered appellee and one Jones to start it; appellee, who had only been working there a short time, assisting Jones in attending to the slack coal, first reached the engine and attempted to turn the flywheel, but failed; just then Jones came up and appellee stepped across to the other side of the engine, and on the direction of Biggs, picked up an iron bar and placed it so that he could get a purchase against the crank that drives the flywheel, and threw his weight upon the end bar, just at that time Jones opened the throttle valve wide open and. turned on full steam, when in some way the appellee was thrown into the cogs, his arm was crushed so that it had to be amputated. It appears from the evidence that Biggs had authority, at least by user, to give the orders and directions in such cases, and that Jones had no authority and was not given directions by any one to put on steam. It further appears that the engine used was single cylindered, without a governor, and that a double cylindered engine would not stop on the center. Under this state of facts the declaration in its several counts charges negligence on the appellant for failing to provide reasonably safe machinery, for not keeping same in good condition, for not properly and carefully operating it, for not employing a competent engineer, and for failing to inform appellee of the danger of his undertaking to start the engine when he was ignorant of the hazard.

The appellee obtained the large verdict of $8,000, which on motion for new trial was sustained and judgment entered, from which this appeal is prosecuted and the usual errors assigned. After a careful examination of the evidence the conclusion is reached that the machinery employed was reasonably fit for the use to which it was applied and was kept in reasonably good condition, and that the hinging point on the facts is, as to whether the negligence of Biggs, the engineer, or Jones, caused the injury. If the former, then the company would be liable, if the latter, it would not be liable.

The jury found that the accident would have happened

even if Jones had not turned on the steam; but as it is clear that there would have been no accident if there had been no steam on, there should be some evidence to indicate, if the negligence or incompetency is to be laid to Biggs, that it was the steam that he left in the cylinder that started the engine and caused the injury.

Biggs testified that when he saw Turk, the appellee, prying at the engine, he went to the weigh shanty to shut off the steam, so that when it started up it would not shake itself to pieces; up to that time it would appear that there was not sufficient steam on to start the engine with Turk's assistance.

If Jones had not opened the throttle at the time he did, would Biggs have shut off whatever steam there was before the accident happened? The only evidence in this record as to the amount of steam that was on at that time is that of Biggs above referred to, and that of Jones, appellee's witness, that " there was some steam in the cylinder." The above is not deemed sufficient to support that finding of the jury. There is no negligence attributable to the company in the mere stopping of the engine, for that did not injure the appellee. The negligence, if any, was in starting it. It was not negligence to use a single cylindered engine that might or even would stop as this one did, for no injury could arise to appellee from that fact alone. The mere stoppage of a single engine was not dangerous to any one, neither was its starting, if proper care was used by pinching it to what is called a quarter, so that the force of the steam in the cylinder could operate, which it is common knowledge has frequently to be done with such engines, even when designedly stopped.

It is true that a double cylindered engine would not have stopped on the center, and if it had not, then this accident would not have happened; but it does not necessarily follow because a single engine was used in this case, and it did stop, and the accident did happen to appellee in starting it, that therefore there is a liability. To so hold, would make it a dangerous undertaking for any one to have operated such engines, although they are in common use. In this view of the case, without further comment on the evidence, it will be

apparent there is an error that enters into several of the instructions, illustrated by the conclusion of instruction No. 7, which is, after stating the doctrine as to Biggs' control over appellee, that "if the plaintiff received the injury complained of, while endeavoring to comply with and carry out such command (of Biggs), he is entitled to recover and you should find a verdict in favor of the plaintiff and against the defendant." This instruction utterly ignores the sharp issue presented by the evidence, as to whether Biggs was guilty of any negligence that in any way caused or contributed to the injury; under that instruction the jurors were required to find a verdict for appellee, even if they believed that the steam turned on by Jones, without any authority or direction, caused the accident. It also ignores the element of care on the part of appellee at the time.

The first instruction is also erroneous, in imposing a higher duty on appellant than that imposed by the law. It has been often held that the duty of the employer is only to use reasonable diligence and care in providing machinery, in keeping it in proper condition, and in the employment of servants to operate the same. Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; North Chicago Rolling Mills Co. v. Monka, 4 Ill. App. 664.

It follows from what has heretofore been said that the last instruction in regard to the employer securing the latest improved contrivances, is not applicable.

If intended to apply to the failure to use a governor on the engine, then the answer is that there is no evidence even tending to show that it would aid in the starting of the engine or could in any way, if used, have prevented the accident.

The instruction as to specific risks is objectionable in this, that it implies in this case there was a specific risk. That was a question of fact for the jury. It was not a specific risk of which the appellant would have to notify appellee, that Jones might turn on the steam while he, appellee, was prying on the engine to start it. It is true he did not contemplate such an act, for he testified in regard to starting the engine on other days, that "we never handled the steam, Biggs was the

man that handled the steam;" but, so far as appears by this record, neither could the company contemplate such an unwarranted ac t; all the errors assigned have not been commented on, but sufficient has been said to indicate the proper course on another trial. For the reasons stated the cause will be reversed and remanded.

*Reversed and remanded.*