WILLIAM W. LANGFORD

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield November 1, 1890.*

1. CRIMINAL LAW—*possession of stolen goods—as evidence of guilt— as to both burglary and larceny.* Where a larceny of goods is committed at the time of a burglary, the possession by a party, immediately after the crime, of some of the stolen goods, is evidence of guilt, and participation in the burglary as well as in respect of the larceny.

2. SAME—*general verdict—several counts.* Where a burglary is committed by breaking into a railroad car, the prosecution may allege the ownership of the car in different corporations, by two or more separate counts; and a general verdict of guilty may be referred to either count, when only one felony is shown, and such verdict will authorize judgment.

3. CHANGE OF VENUE—*regularity of proceedings—objection waived after verdict.* An objection to the sufficiency of the clerk's certificate to the transcript of the proceedings on a change of venue is waived by the party going into the trial. All objections to the regularity of the proceedings in obtaining a change of venue, and the jurisdiction of the court to which the case is sent, are waived by the verdict.

WRIT OF ERROR to the Circuit Court of Fulton county; the Hon. JOHN C. BAGBY, Judge, presiding.

Mr. H. W. MASTERS, Mr. H. R. NORTRUP, and Mr. I. R. BROWN, for the plaintiff in error:

A verdict which does not find on all the issues is defective. 2 Thompson on Trials, sec. 2639 ; *Ruth* v. *People,* 99 Ill. 185 ; *Williams* v. *People,* 44 id. 478 ; *Rex* v. *Woodfall,* 5 Burr. 2661.

Where the charge is burglary, the mere possession of stolen goods, unaccompanied with other suspicious circumstances, is not enough to afford *prima facie* evidence of the burglary. 1 Wharton on Crim. Law, 729 ; *State* v. *Reed,* 20 Iowa, 413.

The possession of stolen goods, without other evidence of guilt, is not regarded as *prima facie* evidence of burglary. *State* v. *Hayden,* 45 Iowa, 11 ; *Commonwealth* v. *Thompson,* 99 Man. 444 ; *People* v. *Gordon,* 40 Mich. 716 ; *Davis* v. *People,* 1 Parker's Ch. 447.

When several distinct causes of action are joined in the petition, in different counts, as they must be, a general verdict in favor of the plaintiff is void, since it can not be known to which of the counts it applies. (*Bricker* v. *Railroad Co.* 83 Mo. 391.) And where, in an indictment, distinct offenses are charged in separate counts, the jury must either return a general verdict of not guilty, or a verdict which responds to each separate charge. *Carey* v. *State,* 20 Neb. 138 ; *Wilson* v. *State,* 20 Ohio, 26 ; *Williams* v. *State,* 6 Neb. 334.

In this State, a verdict of guilty returned as to one of several counts is responsive to all, and means not guilty as to all the other counts.

We do not intend to say that the court may not sometimes apply the verdict; but a limitation of the rule is, that the amendment must, in all cases, be such as to make the verdict conform to the real intention of the jury. The judge can not invade the province of the jury. *Acton* v. *Dooley*, 16 Mo. App. 441.

Mr. George Hunt, Attorney General, Mr. Kinsey Thomas, and Mr. T. H. Mehan, State's Attorney, for the People :

The possession of property recently taken by a burglary is *prima facie* evidence of a participation in the burglary. *Smith* v. *People*, 115 Ill. 17 ; *Sahlinger* v. *People*, 102 id. 241 ; *Comfort* v. *People*, 54 id. 404.

Error in an instruction will not always reverse. *Rice* v. *Brown*, 77 Ill. 549 ; *Panton* v. *People*, 114 id. 505.

A prosecutor may be required to elect on which of several counts he will proceed, but after verdict it is too late to raise that objection. 1 Bishop on Crim. Proc. secs. 449, 473 ; *Thompson* v. *People*, 125 Ill. 256.

In this case, all of the counts are of similar import, and the punishment the same under one and all. Therefore, there was no necessity for anything more than a general finding of guilty, and fixing the term of imprisonment. *Armstrong* v. *People*, 37 Ill. 459 ; *Bond* v. *People*, 39 id. 26 ; *Lyons* v. *People*, 68 id. 271 ; *Duffin* v. *People*, 107 id. 113.

In criminal cases, a general verdict of guilty is sufficient, without specifying in the verdict, by reference to the indictment or otherwise, the offense of which the defendant is convicted. *Lyons* v. *People*, 68 Ill. 271 ; *Eyman* v. *People*, 1 Gilm. 4 ; *Davis* v. *People*, 50 Ill. 199.

A general verdict of guilty will be referred to the good counts. *Hiner* v. *People*, 34 Ill. 297.

If the evidence at the trial did not tend to support a particular count, or such count is bad, yet the jury have returned a general verdict of guilty on the whole, the court, not always

through the formality of an amendment, but sometimes simply at the sentence, applies the verdict to,—in other words, treats it as rendered on,—the other and good counts, to which the judgment, alone, by its terms, is made to attach. See 1 Bishop on Crim. Proc. sec. 1014; *State* v. *Smith*, 5 Am. Dec. 132; *Curtis* v. *People*, Breese, 256; *Holliday* v. *People*, 4 Gilm. 111.

As to the last objection made by the plaintiff in error,—that the judgment should have been arrested "because the certificate of the clerk, or, rather, the transcript from the circuit court of Mason county, was defective, and did not confer jurisdiction of the cause upon the court who tried the case,"—we have only this answer to make: Our statute provides that "all questions concerning the regularity of proceedings in obtaining changes of venue, and the right of the court to which the change is made to try the cause and execute judgment, shall be considered as waived after trial and verdict." Rev. Stat. chap. 146, sec. 35.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against William W. Langford, for burglary and larceny. The first count charged the burglary to have been committed by breaking into a car of the Chicago, Peoria and St. Louis Railroad Company. The second count charged the breaking into a car of the Jacksonville and Southeastern Railroad Company. Upon a trial of the cause the jury found the defendant guilty of burglary, in manner and form as charged in the indictment, and fixed his punishment in the penitentiary at a term of one year. The court directed the verdict to be applied to the first count of the indictment, and rendered judgment on the verdict.

The first ground of reversal relied upon is, that the evidence was not sufficient to establish the guilt of the defendant. The charge against the defendant was, that he broke into a car standing on the side-track of a certain railroad at Havana,

broke open a crate containing sixteen pieces of bacon, and stole eight of the sixteen pieces. It appears from the evidence, that the car arrived at Havana in the afternoon of June 17, and was placed on a side-track, about three hundred feet from the residence of the defendant. When the car arrived the crate contained sixteen pieces of bacon, which was nailed up in the crate in good order. On the next morning it was found that the car had been broken open and eight pieces of the meat taken away. Search was immediately made, and eight pieces of bacon found in the defendant's cellar. The crate, before it was broken open, weighed 275 pounds. After the eight pieces were taken the crate weighed 173 pounds, and the meat found in defendant's cellar weighed 100 pounds. The meat found in the cellar was in the same condition as it was when stolen from the crate, except a few pounds had been cut off the end of one of the pieces. In addition to finding the meat in the possession of the defendant, grease was found on the sides of the cellar door, where it had been taken down the cellar, and the legs of a pair of pants, recognized as belonging to the defendant, were found to be saturated with grease. The evidence identifying the meat found in the possession of the defendant as the same meat stolen from the car was slight. But that was purely a question of fact for the jury, and we are not prepared to say it was insufficient to authorize the verdict. The defendant did not attempt to show that he owned the meat found in his possession, or that it came into his possession honestly, as he doubtless could have done if such had been the fact. Under such circumstances, although the evidence identifying the meat found in defendant's possession as the same meat taken from the crate may be slight, we are not inclined to disturb the finding of the jury.

On behalf of the People the court instructed the jury, in substance, that possession of stolen property immediately after the theft is evidence which will warrant a conviction, unless

overcome by circumstances or other evidence, and it is insisted that the rule that governs in cases of larceny does not apply in burglary. The same question was raised in *Smith* v. *People*, 115 Ill. 17, and it was there held, that where a larceny of goods is committed at the time of a burglary, the possession of a party, immediately after the crime, of some of the stolen goods, is evidence of guilt, and participation in the burglary as well as in respect to the larceny. Here, when the car was broken open the meat was stolen. There was therefore a larceny at the time of the burglary, and the case cited is conclusive on the question.

It is also claimed that the verdict of the jury was defective, because it fails to designate under which count of the indictment it was found. As before observed, the first count of the indictment charged the defendant with breaking and entering a certain car, the property of the Chicago, Peoria and St. Louis Railroad Company. The second charged the burglary of a car, the property of the Jacksonville and Southeastern Railroad Company, and it is alleged in each that the respective railroad companies are organized under the laws of this State. Upon looking into the evidence, it appears that the testimony introduced to establish the defendant's guilt was confined to a single transaction,—that is, the breaking into one car and stealing therefrom a certain quantity of meat. While the indictment contained two counts there was but one felony, and under the rule laid down in *Lyons* v. *People*, 68 Ill. 273, we perceive no valid objection to the verdict. In the case cited, the indictment contained two counts,—one for burglary, and the other for petit larceny,—and there, as here, the jury returned a general verdict of guilty. It is there said : "It necessarily follows, that where an indictment, as in this case, in one count charges the breaking and entering of a car with intent to steal, and in another count a stealing, at the same time, in the car which was so broken and entered, and the defendant

29—134 ILL.

is found guilty generally, and a punishment imposed which is by law authorized to be inflicted for the offense charged in either count, the verdict must be sustained." See, also, *Bond* v. *People,* 39 Ill. 26; *Armstrong* v. *People,* 37 id. 461.

While it would not be proper to include separate and distinct felonies in different counts of the same indictment, it is always proper for the State's attorney to allege the same offense in different forms, and in as many different counts as he may think proper, where all the counts may be for felonies or all for misdemeanors. Here there was but one car entered and but one larceny committed, and the pleader had the right, if he saw proper, to allege the car and the meat therein belonged to one corporation, in one count, and to another corporation in another count, and a general verdict of guilty might be referred to either count of the indictment.

It is also claimed that the clerk's certificate to the transcript of the proceedings in Mason county before the venue was changed, is insufficient to confer jurisdiction on the circuit court of Fulton county, and upon that ground the judgment should have been arrested. This question is fully met by section 35, chapter 146, of the statute, which provides, "that all questions concerning the regularity of proceedings in obtaining changes of venue, and the right of the court to which the change is made to try the cause and execute judgment, shall be considered as waived after trial and verdict."

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHOPE, dissenting.