(No. 16236.—Judgment affirmed.)

The People of the State of Illinois, Defendant in Error, *vs.* Carl Hein, Plaintiff in Error.

*Opinion filed December 16, 1924.*

1. Criminal law—*what must be proved to establish guilt of defendant.* To find a defendant guilty of the crime charged in an indictment it must be proved beyond a reasonable doubt that the criminal act charged was done and that it was done by the defendant and not by somebody else.

2. Same—*confession is not, alone, sufficient to prove corpus delicti.* An extra-judicial confession is insufficient to establish a crime without other proof of the *corpus delicti,* but it is not necessary that the *corpus delicti* be established beyond a reasonable doubt by evidence other than a confession.

3. Same—*when unexplained possession of stolen goods is evidence of burglary.* The unexplained possession of recently stolen goods is evidence of the commission of larceny, and if at the time the articles were stolen a burglary was committed, the unexplained possession of the stolen articles is also evidence of burglary.

4. Same—*corpus delicti may be proved by circumstantial evidence—confession.* The *corpus delicti* may be proved by circumstantial evidence, and a confession may be considered in connection with such evidence so as to show the commission of the offense beyond a reasonable doubt.

5. SAME—*general verdict applies to each count in indictment.*
A general verdict of guilty in manner and form as charged in the
indictment is a verdict of guilty on each count, and is sufficient, if
the evidence sustains any count in the indictment, to justify a judg-
ment upon that count.

6. SAME—*when general verdict is sufficient to sustain convic-
tion of burglary.* Where it is alleged in two counts of an indict-
ment for burglary that the crime was committed forcibly and in
the night time and in another count that it was committed without
force, a general verdict of guilty may be referred to either count
of the indictment, and such verdict is sufficient to sustain a judg-
ment finding the defendant guilty of burglary in the night time
where only one transaction is involved and no evidence is intro-
duced except such as tends to show that transaction.

WRIT OF ERROR to the Criminal Court of Cook county;
the Hon. HOSEA W. WELLS, Judge, presiding.

WILLIS B. WOOD, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E.
CROWE, State's Attorney, and VIRGIL L. BLANDING, (ED-
WARD E. WILSON, and CLYDE C. FISHER, of counsel,) for
the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Carl Hein was tried in the criminal court of Cook county
on an indictment in three counts, charging the burglary of
the dwelling house of Clara Green forcibly and in the night
time in the first two counts, and without force, the doors
and windows being open, in the third. The first count also
charged the larceny, at the time of the burglary, of three
wrist watches, three strings of pearls, two diamond rings and
three suits of underwear. He was found guilty in manner
and form as charged in the indictment, and the court ad-
judged him guilty of the crime of burglary in the night time
and sentenced him to imprisonment in the penitentiary for
that crime. By this writ of error he seeks to reverse the
judgment on the ground that the verdict is contrary to the

evidence, that it is not responsive to the issue, and the court erred in not arresting the judgment and in entering judgment on the verdict.

The evidence shows that Clara Green put three strings of pearls, three wrist watches, two diamond rings and two suits of underwear in her trunk in her room at 4704 Magnolia street, in the city of Chicago, where she lived, occupying a bed-room of a five-room flat on the third floor of a six-apartment building. She kept these articles locked in the trunk from February 16, when she put them there, and kept the door of her room locked. On February 22 she looked for them and could not find them, though the trunk was locked and the lock unbroken, and she noticed nothing wrong with the windows or door. She reported her loss to the police on February 23. She testified that she was called to the station on February 28 and identified the three strings of pearls. She returned to the station the same evening about 10:30 and talked to the plaintiff in error. He said that he had the beads last summer, and she said she could prove they belonged to her. He then said that he would tell her where the rest of the stuff was pawned; that if he had known it was she he would never have done it; that he knew where it was pawned but not the name of the place. She next got her wrist watches and rings at the custodian's office. She testified that her landlady and the maids had keys to her room and did the cleaning; that she had been introduced to Hein in a restaurant, and he had never been to her room and she had never told him where she lived. He said at the station that he was not in her place at all but was down-stairs, and said that John Blackwell gave him the pearls.

The plaintiff in error occupied a room at 850 Dakin street with John Blackwell. On February 28 he was in his room with Gordon Mickelson, preparing to go to the State's attorney's office, where they were to be questioned in a murder case. He took three strings of pearls from a drawer,

gave them to Mickelson and asked him to give them to Blackwell, and if Blackwell did not come back to give them to the plaintiff in error's wife. He testified that Blackwell had gone to Indiana for a few days and Hein did not know when he would return. Hein and Mickelson were arrested soon afterward that same evening and taken to the station. Mickelson threw the pearls behind a shovel and later told one of the officers about them. After being questioned about the murder he was released. He testified that he knew Blackwell and that the plaintiff in error said the pearls were Blackwell's.

Frank A. Gill, a police officer, testified that he found the pearls behind a shovel. He heard Clara Green say to Hein, in the presence of Cudmore, another police officer, that she could prove the pearls were hers. Hein then said he could show her where the rest of the things were. Hein further stated that around the 18th or 19th, between seven and eight o'clock, he went up to 4704 Magnolia street with Blackwell, and Blackwell went inside the building and he waited outside and acted as lookout man, and Blackwell came out in about an hour and they both went down the street and the following day went into a pawnshop on Clark street. Gill went with the plaintiff in error and Cudmore to a pawnshop, which the plaintiff in error said he thought was the place; that they went inside, and the plaintiff in error looked at the book and said, "Here it is," and the jewelry was found there.

George A. Cudmore, another police officer, testified that he questioned the plaintiff in error at the station in the presence of Clara Green, officer Gill and Captain Gary, and the plaintiff in error said he had the beads up in Milwaukee. He finally said that they were her beads and the other things were down on Clark street in a pawnshop, and if they would go with him he would show them. He said there was a fellow named Blackwell who said he knew where he could get some jewelry; that the plaintiff in error went with him on

the evening of February 18, between eight and nine o'clock, and stood outside or across the street while Blackwell went in; that he came out and gave the plaintiff in error all the jewelry; that the next day they went down on Clark street and pawned the articles and Blackwell gave him $20. Cudmore went with Gill and the plaintiff in error to the pawnshop and recovered the jewelry. The plaintiff in error did not have a pawn ticket.

Herman Cohn, a pawnbroker, testified that on February 19 two men brought three wrist watches and two diamond rings to his shop and pawned them, but he could not say that the plaintiff in error was one of the men.

Hein was questioned at the station and he testified on the trial that Clara Green came into the station and he recognized her as a girl he had met. She said these pearls were hers, and he said that if they belonged to her it was "unbeknownst" to him, because the pearls were left in his room by Blackwell. She said that there were three wrist watches and two diamond rings, and he replied that he did not know anything about where the stuff came from; that it was left there by Blackwell. He further testified that the day Blackwell went to Indiana the witness rode down with him and stopped at the Empire, on Clark street, and went into a shop, and what name Blackwell gave in the shop he did not know. He saw the whole transaction, and Blackwell pawned two diamond rings and three wrist watches and got $50 for them. He stated that when he went there with the officers they looked over the books and he could not tell them what name Blackwell used. He denied making the statement that he went to 4704 Magnolia street with Blackwell or stayed on the street while Blackwell went up-stairs. He said he did not go anywhere with Blackwell on Magnolia street and did not say to Clara Green that he was sorry he did it; that he said, "I am sorry that you are the victim and that I am the one accused;" that he voluntarily assisted the police in every way to find the property and Blackwell, and that he

did not help get the jewelry and did not receive any of the proceeds.

The plaintiff in error argues that there is no proof of the *corpus delicti,*—that a burglary had actually been committed,—and that proof of a burglary by evidence other than the plaintiff in error's admission was necessary before the plaintiff in error could be called upon to make any defense to the charge and before his admissions could be considered; that if there was a burglary there was no competent evidence to prove that it was committed in the night time, and the defendant's explanation of his possession of the pearls and knowledge as to the other property was sufficiently clear and convincing to overcome any presumption against him, and with his willingness to assist in finding the property and apprehend Blackwell was enough to establish a reasonable doubt as to his guilt.

Proof of the commission of the crime charged in the indictment must be made beyond a reasonable doubt, and this involves proof of two propositions: that the criminal act charged was done, and that it was done by the defendant and not by somebody else. (*Campbell* v. *People,* 159 Ill. 9.) The general rule is well established that an extrajudicial confession is insufficient to establish a crime without other proof of the *corpus delicti.* The indictment charged not only burglary but larceny, and the evidence was of such a character as to justify the conclusion that larceny had been committed. It was shown that the prosecuting witness had locked her property in the trunk in her room, and that in her absence, and without her knowledge, it had disappeared. It must have been taken by somebody, and the conclusion that larceny had been committed followed. The possession of recently stolen goods, unexplained, is evidence of the commission of larceny. If at the time the articles were stolen a burglary was committed, the unexplained possession of stolen articles is also evidence of burglary. The plaintiff in error was found in the possession of

315—6

the stolen articles. He attempted to explain his possession, and in explaining his possession he disclosed that a burglary had been committed when the articles were taken. His admission was properly in evidence and the jury had the right to consider it in arriving at their verdict. While confessions made out of court are insufficient to convict without other proof of the *corpus delicti, (Andrews* v. *People,* 117 Ill. 195; *Bartley* v. *People,* 156 id. 234;) it is not the rule that the *corpus delicti* cannot be proved by circumstantial evidence. (*People* v. *Goodwin,* 263 Ill. 99; *People* v. *See,* 258 id. 152; *Campbell* v. *People, supra.*) It is not necessary that the *corpus delicti* be established beyond a reasonable doubt by evidence other than a confession. While the *corpus delicti* may not be proved by an extra-judicial confession, alone, it may be considered in connection with the other evidence to establish the *corpus delicti,* and it is sufficient if evidence of other facts and circumstances so fully corroborates the confession as to show the commission of the offense beyond a reasonable doubt. (*Bergen* v. *People,* 17 Ill. 426; *Johnson* v. *People,* 197 id. 48; *People* v. *Brasch,* 193 N. Y. 46; *State* v. *Knapp,* 70 Ohio St. 380; *Blackburn* v. *State,* 23 id. 146; *State* v. *James,* 96 N. J. L. 132; *State* v. *Wooley,* 215 Mo. 620; *Lott* v. *State,* 60 Tex. Crim. 162; *Harris* v. *State,* 64 id. 594; *Harkey* v. *State,* 90 id. 212; *State* v. *Brinkley,* 55 Ore. 134; *People* v. *Jones,* 123 Cal. 65; *Shires* v. *State,* 2 Okla. Crim. 89.) The plaintiff in error's explanation of his possession of the pearls was not, in the judgment of the jury, sufficient to raise a reasonable doubt as to his guilt of larceny, but was sufficient, · in connection with the other proof, to show that he was also guilty of burglary, and the jury were justified in so finding.

It is argued that the court could not render judgment on the verdict because it was not responsive to the indictment and did not find on all the issues; that it did not indicate on what count the defendant was found guilty and

was insufficient to sustain a judgment. A general verdict
of guilty in manner and form as charged in the indictment
is a verdict of guilty on each count, and is sufficient, if the
evidence sustains any count in the indictment, to justify a
judgment upon that count. The indictment here, though
in three counts, charged but one burglary. In accordance
with the usual practice it was charged in different ways to
authorize the introduction of evidence of such various cir-
cumstances as might sustain the charge. Only one transac-
tion was involved, and no evidence was introduced except
such as tended to show that one transaction. There was
but one felony, and the effect of the verdict was that the
defendant was guilty as charged in each count. (*Lyons* v.
*People*, 68 Ill. 271.) In that case the indictment consisted
of two counts,—one for burglary and another for petit lar-
ceny,—and it was said: "It necessarily follows that where
an indictment, as in this case, in one count charges the
breaking and entering of a car with intent to steal, and in
another count a stealing, at the same time, in the car which
was so broken and entered, and the defendant is found
guilty generally and a punishment imposed which is by law
authorized to be inflicted for the offense charged in either
count, the verdict must be sustained." In *Langford* v. *Peo-
ple*, 134 Ill. 444, the indictment charged the burglary of a
railroad car, the first count alleging the car to be the prop-
erty of the Chicago, Peoria and St. Louis Railroad Com-
pany and the second the property of the Jacksonville and
Southeastern Railroad Company. Upon the trial the jury
found the defendant guilty of burglary in manner and form
as charged in the indictment and ordered his confinement in
the penitentiary for a term of one year. The court directed
the verdict to be applied to the first count of the indictment
and rendered judgment on the verdict. The judgment was
affirmed and it was said in the opinion of the court: "While
it would not be proper to include separate and distinct felo-
nies in different counts of the same indictment, it is always

proper for the State's attorney to allege the same offense in different forms and in as many different counts as he may think proper, where all the counts may be for felonies or all for misdemeanors.   Here there was but one car entered and but one larceny committed, and the pleader had the right, if he saw proper, to allege the car and the meat therein belonged to one corporation in one count and to another corporation in another count, and a general verdict of guilty might be referred to either count of the indictment." So here, it was proper for the pleader to allege the burglary to have been committed forcibly in the one count and without force in another, to have been committed in the night time in one count and without alleging the time in another, and a general verdict of guilty might be referred to either count of the indictment.

The judgment will be affirmed.    *Judgment affirmed.*

---

(No. 15962.—Reversed and remanded.)
THE FREEMAN COAL MINING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(SUSAN H. STEGER, Defendant in Error.)

*Opinion filed December 16, 1924.*