## WILLIAM BASSINGER V. STATE OF NEBRASKA.
### 299 N. W. 293

FILED JULY 11, 1941. No. 31233.

*Andrew P. Moran,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *Clarence S. Beck, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is a criminal action wherein, in Otoe county, Nebraska, William Bassinger, plaintiff in error and defendant, was prosecuted by and in the name of the state of Nebraska, defendant in error, on the charge of burglary of a dwelling-house.

The information charges that on or about the 30th day of November, 1940, the defendant, in Otoe county, Nebraska, did unlawfully, wilfully, forcibly, maliciously, feloniously and burglariously break and enter into a certain dwelling-

house owned and occupied by one Henry Stone, with intent to, and that he did, steal, take and carry away certain personal property of the said Henry Stone.

On this charge the defendant was tried to, and he was convicted by, a jury. Following the overruling of a motion for new trial, defendant was sentenced to a term of five years in the state penitentiary, To reverse this conviction and sentence, he has brought this case to this court on petition in error for review.

Numerous errors are assigned, but only one of them requires consideration here. Defendant contends that there is not sufficient competent evidence in the record to support the verdict of the jury.

The only evidence which was adduced to support the charge was that at some time between noon and 10 o'clock p. m. on November 30, 1940, the home of Henry Stone was entered, and certain articles of personal property of Henry Stone were taken, and that thereafter, on or about February 20, 1941, certain of the personal property taken was found in the home of the defendant. The defendant's statement, testified to by witnesses for the state, indicated that the property was brought to his place by one Milo Smith; and Milo Smith, testifying on behalf of the defendant, gave testimony to the same effect. This statement of the evidence fairly reflects all of the testimony in support of the charge contained in the information.

There being no other evidence and no other circumstance indicating guilt on the part of the defendant, to sustain the conviction in this case would require the adoption of a rule of law that mere possession of stolen property lately taken burglariously is sufficient evidence upon which to base a verdict of guilty against the person found in possession of the property. This is not the present rule, and the adoption of such a rule would be obviously unsound. The rule, as heretofore announced by this court, is that no presumption of guilt of burglary arises from mere possession of stolen property; the inference to be drawn from such fact is alone for the jury, when weighed in connection with all the evi-

denced adduced on the trial. *Metz v. State,* 46 Neb. 547, 65 N. W. 190; *Williams v. State,* 60 Neb. 526, 83 N. W. 681. The evidence here of possession, when weighed in connection with all the other evidence adduced on the trial, points toward innocence rather than toward guilt of burglary.

For the reasons herein set forth, the conviction of the defendant is

REVERSED.