JOHNNY JONES, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

22 N. W. 2d 710

FILED MAY 3, 1946. No. 32045.

*Frank L. Burbridge*, for plaintiff in error.

*Walter R. Johnson, Attorney General*, and *Homer L. Kyle*, for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is a criminal action prosecuted by the county attorney of Douglas County, Nebraska, wherein Johnny Jones was charged with the offense of carrying concealed weapons. It was also charged in the information that Jones was an habitual criminal in that he had been twice convicted of crime in the state of Nebraska and was twice sentenced and committed to prison for terms of more than one year. Trial was had to a jury which resulted in a verdict finding the defendant guilty of the crime charged and also that he was an habitual criminal. Motion for new trial was filed and overruled. Thereafter the defendant was sentenced to serve a term of eleven years in the State Penitentiary. From this conviction and sentence Jones has brought the case to this court for review by petition in error.

For convenience plaintiff in error will be referred to as defendant and the defendant in error as the state.

The brief contains many assignments of error but examination of the brief discloses that only a few of them require consideration herein.

The first complaint to which attention is directed is a

charge in substance that the information is duplicitous for the reason that the charge of carrying concealed weapons and the allegations as to previous convictions are set forth in separate counts. It is true that the charge of carrying concealed weapons is contained in one count and the charge that defendant is an habitual criminal and the allegation of the acts upon which the charge is based are contained in another.

This contention is without merit. The charge that one is an habitual criminal is not the charge of a distinct offense or crime. It is but a direction of attention to facts which under the statute and crime charged in the information are determinative of the penalty to be imposed. In Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82, it was said: "The habitual criminal law does not set out a distinct crime, but provides that the repetition of criminal conduct aggravates the guilt and justifies heavier penalties." See, also, Rains v. State, 142 Neb. 284, 5 N. W. 2d 887.

The statute prescribes no method of calling attention to previous convictions in case of a charge of a crime aggravated by previous convictions and neither has this court done so, but in Taylor v. State, 114 Neb. 257, 207 N. W. 207, there is a clear indication of the propriety of the method followed by the county attorney in this case. In the opinion in that case it was said: "It is argued by the defendant that it was greatly to his prejudice to have the matter of his previous conviction set out in the information. While it probably was not necessary to set out the fact of the former conviction in a separate count, we think it was proper to call the court's attention to the facts in the information." See, also, Rains v. State, *supra*. It would appear from this and from sound reasoning, and we so hold, that not form or place in the information but substance is the thing which is of controlling importance in setting forth the aggravation of a charged offense which forms the basis for the penalties prescribed by the statute defining habitual criminal. It is proper to set out the aggravation either in the count charging the crime or in a sep-

arate count in the information.

Next defendant contends substantially that in the instructions the court erroneously failed to separately submit the crime charged and the question of habitual criminal. In the light of what has been said concerning the first assignment of error discussed this one loses its importance, but if this were a requirement it becomes clear from an examination of the instructions that the objection would be untenable. In instruction No. 2, in defining the charge, the court followed the division of the information. In No. 5 the crime of carrying concealed weapons was defined as was also separately habitual criminal. In No. 6 the elements of the crime and of habitual criminal were separately enumerated. Also in No. 6 the jury is told that the two counts must be considered separately, and that count two shall not be considered in the absence of a finding of guilty on the first count or the one charging the crime. The verdict by its terms found the defendant guilty separately on both counts.

The next contention is that the court by its instructions assumed that the defendant was guilty. The basis of this contention is the following which is the concluding statement in instruction No. 2: "That by reason of the foregoing the defendant is an habitual criminal as defined by the Statutes of the State of Nebraska, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Nebraska."

This statement can in nowise be considered an assumption on the part of the court. It is nothing more than the final paragraph of the charge contained in the information the introduction to which is the following: "The Information on which this action is based, charges in substance as follows: * * *."

The next contention is that the court should have explained that the statute defining habitual criminal does not define a new offense and should have set out the purpose of the act. Whether or not such instructions would have been proper under any circumstances we are not called upon to

determine. Instruction thereon would not have pertained to the law of the case. No instructions were offered. The rule is well established that it is the duty of the court to instruct the jury on the law of the case, whether requested so to do or not; and an instruction or instructions which, by the omission of certain elements, have the effect of withdrawing from the consideration of the jury an essential issue or element of the case, is erroneous; but where the jury is instructed generally upon the law, and when the instructions given do not have the effect above stated, then error cannot be predicated upon the failure of the court to charge upon some particular phase of the case unless a proper instruction was requested by the party complaining. See Carleton v. State, 43 Neb. 373, 61 N. W. 699; Johnson v. State, 53 Neb. 103, 73 N. W. 463; Marshall v. State, 116 Neb. 45, 215 N. W. 564; Gutru v. State, 125 Neb. 506, 250 N. W. 913; Jurgensen v. State, 135 Neb. 537, 283 N. W. 228.

Three exhibits, photographs of defendant, were received in evidence over objection of the defendant. The defendant insists that this was error. One was taken in 1913, one in 1929, and one in 1938. John Dennison, Superintendent of the Bureau of Indentification, produced and identified them as photographs of the defendant and he also identified the defendant. They were offered and received for the purpose of identifying the defendant as the person who had been convicted and sentenced for the crime of second degree murder on March 9, 1915, and who had been convicted and sentenced for the crime of rape on November 14, 1935, charged against the defendant in the information. They were used for no other purpose and no prejudicial information accompanied their identification or reception. The exhibits were properly received in evidence.

The next and last assignment of error necessary to be discussed is that the evidence was insufficient to support the charge of carrying concealed weapons.

The evidence in brief in this respect, which stands undisputed except by the plea of not guilty by the defendant,

is the following: On the morning of May 3, 1945, in South Omaha defendant took a .25 caliber Colt automatic pistol from an acquaintance; he got into a taxicab and went to the north side of Omaha; on the way he exhibited it to the taxi driver; the taxi driver reported the matter to the police department; in the evening two police officers went to a tavern in the north side of Omaha where they found the defendant; defendant left the tavern with the police officers; after getting outside defendant asked permission to step out for a moment into a parking lot; while there he pulled a handkerchief from his pocket and blew his nose; at that time one of the officers heard something strike the ground; defendant was taken a few feet to the police automobile and the officer who had heard something strike the ground returned to the place where defendant had stood and by the use of a flashlight found a .25 caliber automatic pistol; he returned and gave it to the other officer; defendant was asked about it and he stated that it did not belong to him but belonged to a friend in South Omaha; the pistol was introduced in evidence after identification by the police officers and at least partial identification by a witness who had possession of it for about a year before and up to the day when it came into possession of the defendant.

The gist of the offense with which defendant was charged was carrying a concealed weapon. The evidence was sufficient to convince a jury beyond a reasonable doubt that the defendant was guilty of the charge upon which he was tried.

The verdict and sentence of the district court are affirmed.

AFFIRMED.