Levi Gamron, appellee, v. James M. Jones, Warden of
the Nebraska State Penitentiary, appellant.

28 N. W. 2d 403

Filed July 11, 1947.   No. 32282.

*Walter R. Johnson,* Attorney General, *Erwin A. Jones,*
and *Robert A. Nelson,* for appellant.

*Cook & Cook,* for appellee.

Heard before Simmons, C. J., Paine, Messmore,
Yeager, Chappell, and Wenke, JJ., and Tewell, District
Judge.

Simmons, C. J.

On January 8, 1946, an information was filed in the
district court for Washington County, charging the
plaintiff with the offense of chicken stealing.  As a part
of the same charge it was alleged that the plaintiff was
an habitual criminal under section 29-2221, R. S. 1943,
in that he was convicted on May 19, 1939, of the crime
of burglary and sentenced to serve 18 months in the
penitentiary, and on May 15, 1943, he was convicted of
stealing an automobile and sentenced to imprisonment
for one year.  On the same day plaintiff pleaded guilty
to the charge.  The court ordered "that said defendant
be and he hereby is sentenced to serve a term of two
years for chicken stealing, and It is further ordered
that defendant Levi Gamron, be and he is hereby sen-

tenced to 10 years as a habitual criminal * * * , sentence to run concurrently." Plaintiff was committed to the penitentiary that day and has since been confined under the judgment.

By petition of habeas corpus, filed February 18, 1947, plaintiff sought his release. He charged that the judgment was null and void in that under section 28-519, R. S. 1943 (the chicken-stealing statute), the maximum sentence which could be imposed on him was one year; that he had served more than one year; and that the district court for Washington County was without power to sentence him as an habitual criminal, citing Kuwitzky v. O'Grady, 135 Neb. 466, 282 N. W. 396. The defendant answered pleading the judgment and commitment.

The trial court held that the plaintiff had been given two separate sentences by the district court for Washington County—one for chicken stealing, and one as an habitual criminal; that the maximum sentence for chicken stealing (first offense) was one year, and that the term beyond one year was void; that the court had no authority to impose a separate sentence as an habitual criminal, and that the habitual criminal sentence was void. The plaintiff was ordered released from custody. Defendant appeals.

The positions of both parties here go to a construction of the sentence of the district court for Washington County. Defendant contends that there is but one sentence, and that in any event the sentence for two years is valid. Plaintiff contends, as he did in his petition, that there were two sentences; that the habitual criminal sentence is null and void; that the two-year sentence for chicken stealing is excessive to the extent of one year; and that having served more than one year, he is entitled to his release.

We see no reasonable basis for construing the judgment of the court to be other than one imposing two sentences—one for chicken stealing, and one as an habitual criminal. *The Habitual Criminal Act does not create

a new and separate criminal offense for which a person may be separately sentenced. Kuwitzky v. O'Grady, *supra;* Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887; Jones v. State, 147 Neb. 219, 22 N. W. 2d 710. The district court for Washington County was without authority to render a distinct separate judgment and sentence as was done for ten years as an habitual criminal.. That portion of the sentence is void.

Under section 28-519, R. S. 1943, the maximum sentence for first-offense chicken stealing is one year imprisonment. However, the Habitual Criminal Act (§ 29-2221, R. S. 1943) provides for a sentence of not less than 10, nor more than 20, years. The district court for Washington County had the power under that act to sentence the plaintiff to serve the period there prescribed. See Rains v. State, *supra,* wherein we held: "The habitual criminal law of this state does not purport to create a new and separate criminal offense, but provides merely that the repetition of criminal conduct aggravates the guilt and justifies greater punishment." See, also, Jones v. State, *supra.*

The question comes, is the two-year sentence void under the facts here? In Hickman v. Fenton, 120 Neb. 66, 231 N. W. 510, we held that where a person convicted of a felony is sentenced for a period less than the minimum provided by law, such sentence is erroneous in failing to impose the minimum penalty, but is valid to the extent pronounced, and that habeas corpus will not lie to secure the release of the person until the sentence so imposed is served. It follows that the judgment of the trial court in holding that the sentence for chicken stealing in excess of one year was void and in ordering the release of the plaintiff from custody was erroneous.

The judgment of the trial court is reversed and the cause remanded with instructions to deny the writ.

REVERSED AND REMANDED.