ROBERT WILLIAM LOSIEAU, ALIAS ROBERT WILLIAM BREVET, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

58 N. W. 2d 824

Filed June 5, 1953. No. 33317.

*Adolph Q. Wolf* and *Joseph M. Lovely,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is a criminal action prosecuted in the name of the State of Nebraska by the county attorney of Douglas County, Nebraska, in which Robert William Losieau was defendant. The information was in two counts. The first count charged that the defendant was guilty of the crime of burglary. By the second count it was charged that he was, within the meaning of law, an

habitual criminal. He was tried to a jury on the first count.

The. jury found the defendant guilty of the charge contained in the first count of the information. After conviction the trial court, pursuant to procedures prescribed by this court (Haffke v. State, 149 Neb. 83, 30 N. W. 2d 462), found that he was an habitual criminal as charged in the second count and sentenced him to serve a term of 20 years in the State Penitentiary.

By proceedings in error he seeks a reversal of the conviction and sentence. In this court he is plaintiff in error but for convenience he will be referred to as defendant and the State of Nebraska, defendant in error, will be referred to as the State.

There are but two errors assigned in the briefs as grounds for reversal. These have no relation to the question of guilt of the crime of burglary charged in the information. They are as follows:

"1. The Court erred in calling talesmen to serve as jurors instead of calling a special venire.

"2. The Court erred in overruling defendant's objection to any proposed amendment to Count II of the Information."

Count II of the information did not contain any part of the charge of burglary. It contained alone the charge that the defendant was an habitual criminal. Originally it charged two instances of previous convictions and sentences on felony charges. The county attorney was allowed to add by amendment a third instance of previous conviction and sentence.

It was the addition of this third instance which is the basis of the second assignment of error.

It should be pointed out here that as to neither assignment of error does the defendant assert or in any manner seek to show that actual prejudice flowed from these claimed departures from proper procedures.

The contention of the State is that though an amend-

ment was allowed as charged no departure from proper procedure was involved.

The rule is well recognized that the court in its discretion may before trial permit the county attorney to amend a criminal information, provided the amendment does not change the nature or identity of the offense charged, and the information as amended does not charge a crime other than the one on which the accused had his preliminary examination. Razee v. State, 73 Neb. 732, 103 N. W. 438; Wilson v. State, 120 Neb. 468, 233 N. W. 461; Hoctor v. State, 141 Neb. 329, 3 N. W. 2d 558.

This rule relates to the charge of the crime itself and the theory of it is that no prejudice can reasonably be presumed to flow from such allowance and therefore it may not be treated as error.

The rule should apply as well here where, no actual prejudice having been shown, the amendment allowed is not to a count of an information charging a crime but only informative on a matter which the court is required to take into consideration in fixing the penalty on conviction of the offense charged.

This court said in Jones v. State, 147 Neb. 219, 22 N. W. 2d 710: "The charge that one is an habitual criminal is not the charge of a distinct offense or crime. It is but a direction of attention to facts which under the statute and crime charged in the information are determinative of the penalty to be imposed." See. also, Kuwitzky v. O'Grady, 135 Neb. 466, 282 N. W. 396; Davis v. O'Grady, 137 Neb. 708, 291 N. W. 82, 311 U. S. 682, 61 S. Ct. 59, 85 L. Ed. 440; Rains v. State, 142 Neb. 284, 5 N. W. 2d 887; Gamron v. Jones, 148 Neb. 645, 28 N. W. 2d 403.

In Haffke v. State, *supra,* it is further pointed out that the question of whether or not one is an habitual criminal is not an issue in a criminal prosecution and that question may not be submitted to a jury. It is pointed out therein that if a prior conviction becomes an element of a charge being presently tried it must be pre-

sented by the complaint, information, or indictment and proved as any other element. We, however, are not confronted here with such an exceptional situation.

We are confronted here only with the matter of enhancement of penalty because of previous convictions of other criminal offenses, which is a subject cognizable by the court only after conviction of the charge contained in the first count of the information.

In view of the holdings that the facts constituting a charge that one is an habitual criminal may not be regarded as elements of a criminal offense and in the light of the fact that no actual prejudice has been shown, it must be said that the second assignment of error is without merit.

As to the first assignment of error the factual reason for calling talesmen instead of a special venire does not appear. The entire factual record in this respect is as follows:

"(At 10:10 o'clock A. M. on July 7, 1952, after eleven veniremen had been called to the jury box, the following proceedings were had:)

"DEPUTY CLERK THOMAS E. CONLEY: Your Honor, this concludes the number of tickets and names in the cylinder box at this time.

"THE COURT: There are eleven jurors in the box, and it becomes necessary at this time for the Court to issue an order for talesmen; so, at this time, ladies and gentlemen, we will recess until two o'clock. You are now excused until two o'clock."

Thereafter the court entered the following order:

"The regular panel of Petit Jurors now having been exhausted and the jury in the trial of this cause being incomplete, and a case of great emergency exists, it is, therefore, by the Court ORDERED that the Jury Commissioner of this said County of Douglas summon forthwith from the bystanders or body of the county 18 persons having the qualifications of jurors to fill the panel

in order that the jury to try this case may be completed therefrom

Omaha, Nebraska, July 7, 1952.

By the Court,

Carroll O. Stauffer,

Judge."

The record discloses that the following occurred:

"THE COURT: Let the record show that there are eleven prospective jurors in the jury box and that prior to the noon adjournment the Court issued an order to the Jury Commissioner to go out and pick up eighteen talesmen. The talesmen have now reported, and there are now sixteen on hand in the court room at this time. We are now ready to proceed to trial.

"MR. WOLF: If it please the Court, before we go into the calling of the jury, the defense, at this time, wishes to object to calling any more prospective jurors, for the reason that the said prospective jurors have not been obtained in the ordinary, prescribed legal manner; that the method of their calling is contrary to law; that such procedure is prejudicial to the constitutional rights of the defendant and deprives him of his right to trial by a fair and impartial jury.

"THE COURT: Do you wish to be heard?

"MR. WOLF: No.

"THE COURT: The objection is overruled. We will proceed with the trial."

Nothing further appears factually except that in support of the motion for new trial testimony of the jury commissioner was adduced to disclose the manner of the selection of the talesmen. Regularity in the matter of selection of talesmen as such however is not brought into question here. This situation therefore has no significance in the determination of any matter herein involved.

The point made by the brief of the defendant is that when the court found that there were but eleven veniremen remaining on the panel it should have directed the jury commissioner to draw, in the same manner as the

original panel was drawn, a sufficient number of jurors to fill the panel instead of ordering that he draw talesmen.

Section 25-1634, R. R. S. 1943, provides that if for any reason the panel of petit jurors shall not be full at the opening of court or at any time during the jury term the jury commissioner shall, when ordered, draw and summon in the same manner as the first drawing such number of jurors as shall be ordered to fill the panel.

It is clear that in this instance this provision of the statute was not followed. The reason for this failure is not disclosed. No showing as to this was made in the objection of the defendant to the use of talesmen or otherwise. It must be said that the assignment of error rests solely and alone on the statements of the deputy clerk and of the court which pointed out that after eleven jurors were called there were no more veniremen subject to call.

Section 25-1634, R. R. S. 1943, also provides that in great emergency the court shall direct the jury commissioner to summon from the bystanders or the body of the county a sufficient number of persons having the qualifications of jurors to fill the panel in order to try a cause.

It was in conformity with this latter provision of the statute that talesmen were summoned. This is apparent from the order itself. It is to be observed that in the order is a finding of fact that a great emergency existed, which is by statute made a condition upon which the right to summon talesmen shall depend. In support of defendant's objection to proceeding, no effort was made to contradict or impeach this finding.

In McColley v. State, 116 Neb. 512, 218 N. W. 129, which is not in point on particular facts, but which does announce a principle involved here, it was said: "The finding of the trial court as to the qualifications of a juror will not be set aside unless the error is manifest or unless there has been a clear abuse of judicial discretion."

Here there was no apparent manifest error or clear abuse of discretion. Factually, to the extent of disclosure by the record, a great emergency existed. This emergency empowered the court to order the calling of talesmen in the manner in which they were called.

The State urges substantially also that the situation here is controlled by the general rule that error will not be presumed but must be affirmatively established by the record. This general rule has no application where the complaint is that the statute relating to drawing of juries has been violated. If the facts here demonstrated, as they do not, that the statute in this respect was violated it would be the duty of this court to presume that there was prejudicial error.

In Russell v. State, 77 Neb. 519, 110 N. W. 380, it was said: "If the method pointed out by the statute for securing jurors is disregarded, no doubt the defendant may object to being tried upon a criminal charge before the jury so obtained. In such case the law will presume prejudice."

This appears to be a sound and salutary rule which should be retained as a safeguard to the rights of those charged with violations of the criminal laws of our state. However the rule is not available to the defendant herein under the factual and legal situation as presented by the record.

The first assignment of erorr is without merit.

The judgment of the district court is affirmed.

AFFIRMED.