[Crim. No. 3118. First Dist., Div. Two. Oct. 17, 1955.]

THE PEOPLE, Respondent, v. CARL BROWN, Appellant.

Carl Brown, in pro. per., and D. Ralph Cesari, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellant was tried to a jury on an information charging burglary and a prior felony conviction, which he admitted. His appeal from the judgment and the order denying a new trial rests on a claim of misconduct, and that the evidence is insufficient.

Proof was made that between 11:15 in the morning of July 24, 1954, and 1:15 p.m. of the same day a home was entered and a radio and several pieces of costume jewelry were taken. At about 2:30 a.m. of July 25th the appellant was seen by two police officers alighting from an automobile in a parking lot. All the stolen jewelry and a pawn ticket for the radio were found in his pockets. He refused to give any explanation of his possession of these articles except that he had found them, and then said that they belonged to his wife. Appellant did not take the stand as a witness. His wife testified that he had been at home from 10 a.m. to 5 p.m. of the 24th, except for about 30 minutes at 2 p.m. when he took their dog out for a walk. Undisputed evidence was given that at about 2 p.m. of that day appellant was involved in an automobile accident many blocks away from the home of the parties.

The claim of misconduct rests upon this incident: During the cross-examination of the wife the deputy district attorney asked: "You are a prostitute, aren't you?" Answer

''Well, I ———.'' Objection was made to the question. This was sustained and the jury was forthwith told that the question was improper and that it should be completely disregarded. The question was a senseless and idle inquiry because a witness who is a prostitute may tell the truth under oath just the same as any other witness. It was also wholly unnecessary since the testimony of the witness that her husband was at home with her was completely negated by the undisputed evidence that the appellant was out in an automobile and at the very time was involved in a motor vehicle accident several blocks from his home.

That the error does not call for a reversal see: *People* v. *Vatek,* 71 Cal.App. 453, 469 [236 P. 163] ; *People* v. *O'Moore,* 83 Cal.App.2d 586, 601 [189 P.2d 554].

■ On the question of the sufficiency of the evidence to support the verdict little need be said. All the stolen jewelry, together with the pawn ticket, was found in appellant's pockets at the time of the arrest. His first answer to the question of the arresting officers was that he had found the articles in a parked automobile, then, that they belonged to his wife, then that he would give no further answer until he had consulted his attorney. The case is in line with *People* v. *Mercer,* 103 Cal.App.2d 782, 789 [230 P.2d 4], where the court said:

''The law is established in California that possession of stolen property, coupled with false statements as to the manner in which the property came into defendant's possession, may be sufficient evidence to sustain a conviction of burglary. (*People* v. *Buratti,* 96 Cal.App.2d 417, 419 [215 P.2d 500].)''

The several answers given the police were contradictory and neither gave any reasonable explanation of his possession of the articles. There is no reversible error in the record.

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.