LARRY LEE HENGGLER, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.
112 N. W. 2d 762

Filed January 12, 1962. No. 35071.

*John S. Barrett*, for plaintiff in error.

*Clarence A. H. Meyer*, Attorney General, and *Dwain L. Jones*, for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The plaintiff in error, Larry Lee Henggler, who will be referred to as the defendant, was convicted of burglary under section 28-532, R. R. S. 1943. His motion for new trial was overruled and he received an indeterminate sentence. He then filed his petition in error in this court.

The State proved that a store located in Fairmont, Nebraska, was broken into and entered on November 12, 1960; that a safe located in the store was broken into and approximately $600 taken from it; that merchandise having a value of approximately $900 was taken from the store; and that on January 3, 1961, part of the merchandise taken in the burglary was found in the defendant's home in Omaha, Nebraska. At the conclusion of the State's evidence the defendant moved for a directed verdict which motion was overruled.

The defendant then testified and admitted that the articles in question were in his possession on January 3, 1961, but claimed that he had bought some of them in other stores, that some of them were gifts from relatives, and that some of them had been delivered to him by Ronald Hiatt as partial payment of a preexisting indebtedness. The defendant further testified that Ronald Hiatt had pleaded guilty to the same burglary as was charged in the information in this case.

There is but one assignment of error: That the trial

court erred in overruling the defendant's motion for a directed verdict made at the close of the State's evidence. The general rule is that any error in the ruling on such a motion is waived by the introduction of evidence by the defendant. 23A C. J. S., Criminal Law, § 1148, p. 391; 53 Am. Jur., Trial, § 426, p. 337; Annotation, 17 A. L. R. 925. See, also, Lund v. Holbrook, 153 Neb. 706, 46 N. W. 2d 130; Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255.

The defendant, however, is not prevented from questioning the sufficiency of the evidence as contained in the entire record to sustain the conviction. The case was presented upon that basis by the parties in their briefs and in their arguments. Accordingly, we will consider it upon that basis.

The question, then, is whether evidence that a burglary was committed, together with evidence that some of the property stolen in the burglary was discovered in the possession of the defendant, is sufficient to make a prima facie case of burglary. In Bassinger v. State, 140 Neb. 63, 299 N. W. 293, this court held that it was not. The court said: "There being no other evidence and no other circumstance indicating guilt on the part of the defendant, to sustain the conviction in this case would require the adoption of a rule of law that mere possession of stolen property lately taken burglariously is sufficient evidence upon which to base a verdict of guilty against the person found in possession of the property. This is not the present rule, and the adoption of such a rule would be obviously unsound."

The State argues that there is other circumstantial evidence to be considered such as the fact that the defendant did not know the retail price of an item of the property which he claimed that he had purchased; that he claimed that an item of the property which is not distributed west of Nebraska had been sent from California as a gift; and that some of the clothing did not fit him. The evidence referred to tends to disprove the

defendant's testimony that the property in question was not stolen in the burglary but it does not otherwise tend to prove the defendant's participation in the burglary.

The evidence in this case is not sufficient to sustain a conviction of burglary. The judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

SIMMONS, C. J., participating on briefs.