STATE OF NEBRASKA, APPELLEE, v. MANUEL SOLANO, APPELLANT.

150 N. W. 2d 585

Filed May 12, 1967. No. 36386.

Kelly & Kelly, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and LYNCH, District Judge.

WHITE, C. J.

Defendant was convicted of burglary under section 28-532, R. R. S. 1943. He was found to be a habitual criminal under Count II of the information and sentenced to the Nebraska Penal and Correctional Complex for a period of 5 years on Count I and 10 years on Count II. The sentences were to run concurrently. The defendant appeals and the assignments of error present the sole question of whether there was sufficient evidence to sustain the conviction.

On the night of December 20, 1965, the Wheeler Farm Supply store in Kearney, Nebraska, was broken into and numerous items of merchandise were taken. There was

no evidence identifying the defendant as being at or near the scene of the crime. Defendant was arrested on the evening of December 25, 1965, while driving an automobile near York, Nebraska. He had as a passenger one Robert Pruitt, who owned the vehicle. Various items of merchandise identified as being taken in the burglary were found in this automobile. The evidence shows that the defendant, at the time of his apprehension, was wearing a ladies necklace-type watch around his neck. This was identified as one of the items stolen from the store. Defendant told the officers that the watch was a family heirloom. At the trial, the defendant testified that he had purchased the watch from Robert Pruitt, the owner of the vehicle, for $7. This was corroborated at the trial by Pruitt and the defendant's sister. A soldering iron, taken in the burglary, was found on the top of a refrigerator in the home of the sister of the defendant, one Helen Mumm. The defendant had been residing with his sister in Kearney, Nebraska, and was present there on the evening of December 20, 1965. The defendant, corroborated by Pruitt and his sister Helen Mumm, testified that the soldering iron had been brought to his sister's home by Pruitt and, after testing it to see whether it worked or not, Pruitt had placed it on top of the refrigerator. Defendant, corroborated by Pruitt, testified he had bought the watch that was found around his neck, on December 25, 1965, from Pruitt for the sum of $7.

Defendant contends the evidence is insufficient to support a conviction for burglary. Defendant cites Bassinger v. State, 140 Neb. 63, 299 N. W. 293, and Henggler v. State, 173 Neb. 171, 112 N. W. 2d 762, which state the rule to be that the mere possession of stolen property lately taken burglariously is insufficient evidence upon which to base a verdict of guilty against the person found in possession of the property. Although the State asks us to depart from the rule and hold that mere possession alone is sufficient to justify a convic-

tion of burglary, we adhere to the rule that evidence that a burglary was committed, together with evidence that some of the property stolen in the burglary was discovered in the possession of the defendant, is not alone sufficient to make a prima facie case of burglary. The question then presented is whether there are sufficient corroborating circumstances or evidence, pointing toward the guilt of the defendant, to justify a submission of that issue to the jury in this case as the trial court did.

We believe the correct rule to be that while the mere possession of stolen property standing alone is insufficient to justify a conviction of burglary, such possession of property is a circumstance which, taken in connection with other incriminating evidence in the case, may be considered by the jury in determining the question of the guilt or innocence of a defendant so charged. See, 12 C. J. S., Burglary, § 59, p. 735; People v. Barber, 112 Cal. App. 2d 333, 246 P. 2d 99; Lefthand v. State (Okl. Cr.), 398 P. 2d 98. In the application of this rule where both possession and other suspicious circumstances are shown, a conviction may be supported irrespective of whether either would have been sufficient of itself to sustain a verdict of guilty. 12 C. J. S., Burglary, § 59e, p. 739; Gibson v. State, 25 Ariz. 236, 215 P. 2d 729; People v. Morris, 124 Cal. App. 402, 12 P. 2d 679; Oglesby v. State, 121 Tex. Cr. 52, 51 S. W. 2d 587; State v. Johnson, 11 Wis. 2d 130, 104 N. W. 2d 379; State v. Bricker, 178 Iowa 297, 159 N. W. 873; Hart v. State, 61 Okl. Cr. 224, 67 P. 2d 66; Myers v. Commonwealth, 132 Va. 746, 111 S. E. 463. An unreasonable or contradictory explanation of the possession of recently stolen property by a defendant is a circumstance pointing to guilt and is sufficient to submit the case to the jury. Such an explanation may not be believed by the jury and will not, as a matter of law, be insufficient to sustain a conviction. People v. Russell, 120 Cal. App. 622, 8 P. 2d 209; Holliday v. State, 23 Ga. App. 400, 98 S. E. 386; People v. Hein, 315 Ill. 76, 145 N. E. 654; Stallard v. Common-

wealth, 130 Va. 769, 107 S. E. 722. We believe the proper rule to be that possession of stolen property, coupled with false statements as to the manner in which the property came into defendant's possession, may be sufficient evidence to sustain a conviction of burglary. People v. Mercer, 103 Cal. App. 2d 782, 230 P. 2d 4; People v. Buratti, 96 Cal. App. 2d 417, 215 P. 2d 500; People v. Brown, 136 Cal. App. 2d 244, 288 P. 2d 984. In accordance with the above authorities we hold that in order for a defendant's possession of recently stolen propery to be sufficient to support a conviction of burglary, such possession must be recent, that is, not too remote in point of time from the crime, personal, exclusive, distinct, conscious, and such possession must be coupled with a lack of a satisfactory explanation, or a false explanation or other incriminating circumstances or conduct. If these conditions are met a case sufficient to sustain a conviction is made out. See, State v. Thomas, 121 Utah 639, 244 P. 2d 653; State v. Nichols, 106 Utah 104, 145 P. 2d 802; State v. Ebel, 92 Mont. 413, 15 P. 2d 233; 12 C. J. S., Burglary, § 59, p. 736.

The defendant was found in possession of a ladies necklace-type watch, sufficiently identified as being stolen in the burglary, within 5 days after the occurrence of the crime. His explanation of how he came into possession of this watch (that it was a family heirloom) is directly contradicted by his own testimony at the trial that he purchased it from Pruitt. Many other items of merchandise stolen in the burglary were found in the automobile that the defendant was driving. Another item, the soldering iron, was found on the top of a refrigerator in the home of his sister where he had been staying. It is true that the defendant, corroborated by Pruitt and his sister, gave an explanation of his possession of these articles. But it is not for the court to pass on the credibility of this testimony nor to determine if the explanation was sufficient. Under the authorities that we have cited and under the proper rules with reference

to the province of a jury in the trial of a criminal case, all of these matters were for the jury's determination. The jury was fully and properly instructed as to the rules regarding circumstantial evidence. We conclude that, under the circumstances of this case, there were sufficient corroborating circumstances and evidence beyond the mere naked possession of recently stolen property to warrant the submission of the case to a jury and the verdict of guilty in this case.

In this case, the court found the defendant guilty of being a habitual criminal and separately sentenced him upon this count. This was error. A charge that one accused of a crime is a habitual criminal is not the charge of a distinct offense or crime but is rather a direction of attention to facts which under the statute and the crime charged in the information are determinative of the penalty to be imposed. Consequently, the sentence in this case for being a habitual criminal is void, but the principal sentence upon the charge of breaking and entering is valid. Jones v. State, 147 Neb. 219, 22 N. W. 2d 710; Gamron v. Jones, 148 Neb. 645, 28 N. W. 2d 403. Consequently, we hold that the sentence of the court for 10 years upon the habitual criminal charge is void but that the sentence for a period of 5 years for burglary is a valid sentence and should be affirmed. The judgment and sentence of the district court are affirmed as modified.

AFFIRMED AS MODIFIED.

BOSLAUGH, SMITH. and McCOWN, JJ., dissenting.

We dissent because the evidence is insufficient to sustain the conviction. See, Henggler v. State, 173 Neb. 171, 112 N. W. 2d 762; Bassinger v. State, 140 Neb. 63, 299 N. W. 293.