STATE OF NEBRASKA, APPELLEE, V. THURMAN LITTLE COOK, APPELLANT.
STATE OF NEBRASKA, APPELLEE, V. JACK RONALD TIMM, APPELLANT.

194 N. W. 2d 218

Filed February 4, 1972. Nos. 38139, 38147.

Frank B. Morrison, Stanley A. Krieger, and Bennett G. Hornstein, for appellants.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendants Thurman Little Cook and Jack Ronald Timm, along with Bobby Joe Young, were prosecuted and convicted for breaking and entering or entering without breaking an automobile. Cook and Timm were each sentenced to a term of 2 years imprisonment in the Nebraska Penal and Correctional Complex. They have perfected appeals to this court, predicated on the insufficiency of the evidence. We affirm.

Carl Edward Cull parked his automobile in a parking lot at Thirteenth and Douglas Streets in Omaha, Nebraska, at 12:30 p.m., February 1, 1971, and went to his place of employment. He told the attendant on duty that he was going to work until 8 p.m. The attendant told him that when he went off duty at 5:30 he would put the keys to the car either in the ashtray or above the visor. When Cull went for his car at 8:30 p.m., it was gone. He immediately started to walk back to his place of employment, and as he approached Fifteenth and Douglas Streets, three persons pulled up in his car and parked. Bobby Joe Young was driving the car. Defendant Cook was in the front passenger seat, and defendant Timm was in the back seat. The defendants got out of the car and started across Douglas Street to the north.

Cull stopped a police car which was cruising by and gave two officers the story. The police car then pulled up alongside the three men and the officers ordered them to stop. Defendant Cook kept on walking, and one of the officers went after him and brought him back to the

police car. As the police officers frisked the men, Cull's stereo tape deck, which had been in the glove compartment of his car, fell from under the jacket of one of the defendants. He thought it fell from defendant Cook's jacket, but one of the police officers testified that it fell from under defendant Timm's jacket. The keys to Cull's car were found on Bobby Joe Young. Both Cull and the police officer who testified stated that school papers and other articles were scattered throughout the car, indicating that it had been thoroughly ransacked.

Defendants' position seems to be posited on two points: A lapse of 8 hours between the parking of the car and the apprehension of the defendants; and an intimation that there is some question as to who had possession of the stolen property. In State v. Solano, 181 Neb. 716, 150 N. W. 2d 585, we held that while mere possession of stolen property standing alone is insufficient to justify a conviction of burglary, such possession of property is a circumstance which, taken in connection with other incriminating evidence in the case, may be considered by the jury in determining the question of the guilt or innocence of a defendant so charged.

Defendants imply that because 8 hours elapsed between the parking of the car and their apprehension, the possession of the stolen property is too remote within the Solano rule. The rule is that in order for a defendant's possession of stolen property to be sufficient to support a conviction, such possession must be recent, that is, not too remote in point of time from the crime. Giving defendants' argument its maximum reach, we interpret 8 hours as "recent" within the Solano rule. Actually, the jury could reasonably have inferred that the car was taken from the lot sometime after 5:30 p.m. when the attendant went off duty. The defendants were apprehended in possession of the stolen property at or near the scene of the crime, and the only logical inference from the evidence is that defendants' pos-

session of stolen property was continuous from the commission of the crime.

In their second point, defendants raise the question that there is a conflict in the evidence as to whether the tape recorder fell from under Cook's or Timm's jacket. Our answer is that it is immaterial in this case. There is sufficient evidence from which the jury might have inferred that defendants were present at the commission of the crime and participated in it. In Miller v. State, 173 Neb. 268, 113 N. W. 2d 118, we said: "A common purpose among two or more persons to commit a crime need not be shown by positive evidence but may be inferred from the circumstances surrounding the act and from defendant's conduct subsequent thereto."

Section 28-201, R. R. S. 1943, provides: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." The jury was fully instructed on aiding and abetting. In this case, the parties were caught in the immediate vicinity of the parking lot with the stolen property in possession of one of them, coupled with no explanation; with the additional facts that the car had been ransacked and that defendant Cook tried to take off across the street when they were ordered to stop and the officer had to go after him; and further that Young, who was one of the three parties, had the keys to the car in his possession.

We conclude that under the circumstances of this case, there were sufficient corroborating circumstances and evidence, beyond the mere naked possession of the recently-stolen property, to warrant the submission of the case to the jury and to sustain the verdicts of guilty in the case.

The judgments are affirmed.

AFFIRMED.