[Crim. No. 6197.   Second Dist., Div. Three.   Aug. 4, 1958.]

THE PEOPLE, Respondent, v. ALBERT GILBERT
RENTERIA, Appellant.

Albert Gilbert Renteria, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—In a court trial, Albert Gilbert Renteria
was convicted of an offense of first degree burglary and was
sentenced to state prison for the term prescribed by law. The

evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. Defendant appeals from the judgment.

Sometime between 7:30 and 10 p.m. on the night of November 10, 1957, the residence of Eva Solis was broken into by means of a living room window while Mrs. Solis and her family were away from the premises. Various items were missing when they returned. These included 13 skirts and a pair of slacks belonging to Mrs. Solis' daughter, Melinda; two women's purses; a portable radio; two jewelry boxes containing costume jewelry; a lady's white gold wrist watch and two rings. One of the purses belonged to Melinda Solis; it contained her wallet and personal papers.

At about 3:30 a.m. the following morning, Officer Beard of the Montebello Police Department was on duty in a patrol car at the intersection of Whittier Boulevard and Second Street in the City of Montebello. He observed a Chevrolet sedan traveling west on Whittier Boulevard enter the intersection at 50 to 60 miles per hour, skid through a stop light, turn south on Second Street and continue at a high rate of speed. The officer pursued the car, using his red light and siren. The Chevrolet made a right turn on Los Angeles Street, then turned left on Third Street, which is a dead-end street. After it had traveled half a block on Third Street, the lights of the Chevrolet were turned off; the car proceeded a short distance and then stopped. Officer Beard testified that as he approached the car defendant stepped out; there was a woman in the car. The officer made a search of defendant's person and removed a ring from his pocket; the ring was subsequently identified as one that was missing from the Solis residence. Beard asked defendant who owned the ring and Renteria said that it was his property. Upon being asked where he obtained the ring defendant replied that he had bought it from a man in a bar the day before. The officer placed defendant under arrest for failing to yield to a red light and siren, evading arrest and reckless driving. He then made a search of the car. On the front seat he discovered the wallet and identification papers belonging to Melinda Solis and in the trunk of the car he found numerous articles that were proved to be missing from the Solis residence. When asked by the officer where he obtained the articles found in his car, defendant said that they belonged to his sister, that he had moved the previous day and that he had not yet returned

them to her. Defendant gave his sister's name to the officer, and offered to give him her telephone number, but he did not do so.

Jack Owens, a Los Angeles County Sheriff's Deputy, testified that he had a conversation with defendant on the morning of November 12th at the police station. In response to the deputy's questions, defendant denied stealing anything from the Solis residence. Upon being asked who owned the articles and how they happened to be in his car, defendant replied that he did not know. He admitted telling Officer Beard that the articles belonged to his sister but he said that "he was just lying" when he made the statement.

Renteria was the only witness for the defense. He denied his guilt of burglary. He testified that he was at the home of his girl friend, a Mrs. Juarez, until about 6 p.m. on November 10th. He then went to his father's house, which was only a few blocks away, and returned about 8:30 p.m. He drove Mrs. Juarez to a beer parlor called the Rocky Point, where they remained until about 11 p.m. While they were seated in a booth, a man and a woman whom defendant did not know approached him and offered to sell him the contents of a small shopping bag for $25. Defendant stated that he saw some skirts, a purse and two jewelry boxes containing jewelry in the shopping bag; he did not notice whether the bag contained a wallet, a wrist watch and a second purse, although he "guessed" that they were also in the bag. Defendant purchased the contents of the bag for $7.00 and put them in the trunk of his car. He then drove his girl friend to another beer parlor, where they remained until 2 a.m. Defendant admitted skidding through the red light at the intersection of Whittier Boulevard and Second Avenue but he denied attempting to evade arrest.

Upon request for appointment of counsel on the present appeal the court referred the matter to the Los Angeles Bar Association Committee on Criminal Appeals for report to the court as to possible merit in the appeal. The matter was assigned to a member of the committee who has made written report to the court stating that the record had been examined and that in the opinion of the attorney it disclosed no meritorious ground of appeal. After we had examined the record the request for appointment of counsel was denied. Defendant was duly so advised and his time to file a brief was substantially extended. No brief has been filed. In accordance with our usual practice we have made a thorough study of the

record. We have discovered no insufficiency of the evidence and no error at the trial.

Section 459 of the Penal Code provides in material part: "Every person who enters any house, room, apartment, . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." ██ In our opinion, the evidence was sufficient to sustain a finding that defendant was guilty of burglary. The goods stolen from the Solis residence were found in his possession within a few hours after the theft. The court was warranted in drawing an inference of guilt from that fact together with the further fact that, when questioned about the ownership of the stolen property and the manner in which it came into his possession, defendant gave false, evasive and inconsistent answers. (*People* v. *Brown,* 136 Cal.App.2d 244, 246 [288 P.2d 984], and cases cited.) ██ The court was not required, as a matter of law, to give credence to Renteria's testimony that he purchased the property from an unknown couple he met in a barroom on the night of the burglary. (*People* v. *Mercer*, 103 Cal.App.2d 782, 789 [230 P.2d 4].) ██ As the offense was committed in a dwelling house during the nighttime, the court did not err in determining it to be burglary of the first degree. (Pen. Code, § 460.)

██ Defendant was represented by counsel at the trial and his counsel did not object to the introduction in evidence of the articles taken from his person and from his car. In the absence of a proper objection in the trial court, the admissibility of the evidence may not be questioned on the appeal. (3 Cal.Jur.2d 634.)

The judgment is affirmed.

Wood (Parker), J., and Patrosso, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.