SHINN, P. J.
Ernest Robinson, David Reed and Woodrow Jerome Howe were jointly accused of burglary and in a second count of receiving stolen property. In a non jury trial Robinson was found guilty on Count I and not guilty on Count II. He was accused of having suffered four former felony convictions for which he served terms in state prison. The allegations respecting the first two convictions were stricken; those relating to the third and fourth convictions were found to be true. Motion for a new trial was denied and Robinson was sentenced to state prison. He appeals from the judgment. He is represented on the appeal by counsel appointed by this court.
It is first contended that there was insufficient evidence to justify the judgment. Under stipulation the evidence received at the preliminary examination was received as evidence at *660 the trial; additional evidence was introduced. There was evidence of the following facts: During the night of December 13, 1958, John Norman’s Hen Store in Long Beach was robbed of between 100 and 130 suits of men’s clothing and some other articles. At about 1:05 a. m. December 14th, 106 of the suits, one slack suit, one brown suede jacket, two Pendleton robes and 12 men’s belts were found by the police in a motel room on South Central Avenue in Los Angeles. In the room were the three defendants. The labels had been removed from 31 of the suits and were on the floor or in a trash can. These suits had been rolled up and stacked on a bed against the wall. The other suits were strewn about the floor. Howe and Robinson fled to the bathroom and locked the door but it was opened on order of the police.
In a conversation with Officer Musulin, Robinson stated that he had been with Howe all that night; they had been driving around and had met Reed in Watts; they went to the motel together and all three had taken labels off the suits. In a conversation with Officer Perris defendant stated that he had gone to the motel room with Howe and Reed; the suits were piled up in the room; he had not seen them before and did not want to stay because he feared the suits had been stolen; however he did cut labels from some of the suits.
Howe, accompanied by a woman, had rented the motel room on December 13th and registered as Mr. and Mrs. Jones. Howe endeavored to make a telephone call but was unsuccessful ; the woman talked with someone on the telephone. Howe and the woman left in a Buick. Another man came in and asked the price of a room but did not rent one. The manager of the motel heard a car leave; he saw Howe and the woman and the second man enter the room; Howe was carrying a bundle; Howe, the woman and the man drove away. The manager found the suits in the room and called the police, who arrived promptly. Howe, Reed and Robinson came up in a car driven by Reed. They entered the room and shortly thereafter the officers entered.
Proof of the possession of stolen property soon after the theft and the absence of a satisfactory explanation of possession of the goods may be sufficient to establish guilt of the theft. (People v. Renteria, 162 Cal.App.2d 590 [328 P.2d 266].) The three men were in possession of the property at the time of the arrests, although it had been brought to the room by Howe, the woman and the unidentified man. It was a reasonable inference that Howe had stolen the goods *661 during the night. Robinson stated to Officer Musulin that he had been with Howe all night. He testified that he had been riding with Howe only 30 minutes when they picked up Reed. He did not explain why he came to be riding with Howe, why he went to the motel room or why he assisted in removing the labels from the suits so they would be more easily disposed of. He admitted that he suspected that they had been stolen. He did not testify that he believed or had reason to believe that Howe had not stolen them. A reasonable inference was that he was helping remove the labels from merchandise he believed to have been stolen because he had an interest in the proceeds of the burglary. It was also a reasonable inference that if he expected to profit from the theft it was because he had participated in it. Neither at the time of his arrest nor upon the trial did Robinson attempt to explain away the circumstances which tended to implicate him in the burglary. There was testimony that Howe had admitted the burglary to the officers. Robinson, having heard this testimony, could have called Howe as a witness to at least explain Robinson’s presence in the room, but he did not do so. Presumably Howe’s testimony would have been adverse to him. (Code Civ. Proc., § 1963, subd. 5.) Robinson, in his testimony, had no explanation of the circumstances which pointed to his guilt. He had no defense except the absence of direct evidence that he was one of the burglars. This amounted to no defense in contravention of the strong circumstantial evidence of his guilt.
It is contended that Robinson was not accorded the right of representation at the preliminary. The point is without merit. The court appointed a deputy public defender to represent Reed and Robinson. During the direct examination of the first witness the deputy public defender conferred with Reed and Robinson and announced to the court that he did not believe that either of them wished representation. The court stated: “All right. The Court will excuse you, Mr. Laird, for good cause. You may proceed. The Court will make it a point to protect your interests. ’ ’ The defendants said nothing. The two defendants did not object to being represented by the deputy public defender; but by their silence throughout they tacitly expressed a waiver of a right to any representation. If they had hoped to employ private counsel they had had ample time to do so and upon request and a proper showing would no doubt have been given more time. As to Robinson his silence precludes reliance upon the claim of deprivation *662 of a right to representation. (People v. O’Neill, 78 Cal.App.2d 888 [179 P.2d 10].)
Defendant did not make a motion under section 995, Penal Code, to have the information set aside upon the ground that he had not been legally committed by a magistrate. This constituted a waiver of the claim that he had been deprived of the right to have counsel at the preliminary. (People v. Greene, 80 Cal.App.2d 745 [182 P.2d 576].) At the trial he was represented by counsel who stipulated that the evidence taken at the preliminary would be received as evidence at the trial. This also was a waiver of the claim that he was denied representation at the preliminary. (People v. Cohen, 94 Cal.App.2d 451 [210 P.2d 911].)
The judgment is affirmed.
Vallée, J., and Ford, J., concurred.