[Crim. No. 6877.    Second Dist., Div. Three.    Nov. 15, 1960.]

THE PEOPLE, Respondent, v. DONALD LAWRENCE
HALL, Appellant.

Thomas H. Greenwald, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

SHINN, P. J.—In two informations which were consolidated for trial, Donald Lawrence Hall and Fred Knowles Holzer were charged with the commission of six felonies, consisting of three burglaries (Dervin, Ashton, Anderson), one attempted burglary and two counts of receiving property which had been stolen from Ashton and Anderson. It was also alleged that Hall had suffered a previous felony conviction of burglary. In a court trial, Hall was found guilty of

the three burglary counts and not guilty of the others. The court found the prior to be true; Hall's motion for new trial was denied; probation upon the prior conviction was revoked; and Hall was sentenced to state prison. He appeals from the judgment, the denial of his new trial motion and the order revoking probation.

There was evidence of the following facts. On November 12, 1958, the home of Robert Anderson was burglarized and numerous items of clothing were stolen, including a red sport shirt and a hand-made tie clasp which were subsequently retrieved from the apartment where appellant testified that he lived with his codefendant Fred Holzer. On January 28, 1959, burglaries were committed in the homes of Mrs. Catherine Dervin and Mrs. Maxine Ashton; a light-colored mink stole and an overnight case were taken from the Dervin residence; a brown mink stole was taken from the Ashton residence. The fur pieces were recovered by the investigating officers in Pittsburgh, Pennsylvania; the overnight case was taken to the police station by Mrs. Fred Holzer; all the items we have mentioned were identified by their respective owners at the trial; the tie clasp was also identified by the man who had manufactured and sold it to Mr. Anderson.

Appellant was arrested by Officer Thomas L. Rogers and several other officers on March 12th or 13th. When asked for permission to search his home Hall gave his consent and accompanied the officers to the apartment. Upon their arrival he retracted his consent and began to struggle, whereupon the officers restrained him, forced entry and made a search. They found some sweaters which they did not take from the apartment. Rogers testified that he arrested appellant after receiving information from Holzer that Hall had most of the clothes and other loot from the Anderson burglary in his apartment. The officers later took Holzer to the apartment without Hall's knowledge and made another search which led to the discovery of Anderson's shirt and tie clasp. On March 16th Rogers obtained a search warrant and retrieved the shirt and tie clasp from the apartment. When asked whether he obtained the warrant on the basis of what he discovered during the first search, the officer stated: "Not as a whole. I don't believe so. Possibly."

Early in the morning of March 17th, Hall and Holzer were questioned by Officer Hooper in the presence of Officers Rogers and Gaskell at the police station. Gaskell testified that the statements of the defendants were free and voluntary. The

substance of the questioning was that Hooper turned toward appellant and repeated to Hall and Holzer statements which the latter had previously made to the police. Hooper picked up Mrs. Dervin's stole and said that Holzer had informed him that both men participated in the theft of the stole; they took it to Holzer's house; Mrs. Holzer tried it on and gave it back to appellant. Holzer said ''That's right'' and Hall said nothing. Hooper then picked up Mrs. Ashton's stole and said that Holzer had told him that the stole was one which Mrs. Holzer had purchased from appellant for $100. Holzer again said ''That's right''; appellant remained silent. Hooper then picked up Anderson's red shirt and tie clasp and said that he had learned from Holzer that the items had been found at Hall's house and were part of the loot from the Anderson burglary. Holzer said ''That's right''; appellant again did not reply.

After entry of an order granting her immunity from prosecution, Mrs. Holzer testified that on or about February 1st she purchased what appeared to be Mrs. Ashton's stole from Hall for $100.

Appellant, testifying in his own behalf, denied his guilt of the three burglaries. Holzer was living in his apartment. He did not know the tie clasp was in the apartment until it was recovered by the officers; he did not know it had been stolen; he gave a sweater to Holzer in return for the red shirt, not knowing the shirt was stolen. Holzer asked him to sell Mrs. Ashton's stole to Mrs. Holzer. Holzer told him that he had obtained the stole from a girl friend and thought it inadvisable to sell it directly to his wife as they were separated and trying to reconcile. Hall also testified that he was not taken before a magistrate for at least four or five days after his arrest. He asked the officers repeatedly to be allowed to see an attorney and told them that he would say nothing until he saw one. (This testimony was contradicted by Officer Gaskell.) Before the conversation in which he participated with Holzer and the officers, Rogers told him that Holzer had implicated him; he replied that he was not responsible for Holzer's statements and would say nothing until he talked to an attorney. When Holzer's statements were read to him he did not say anything, as he was half asleep; it was 2:30 a.m. On cross-examination he denied telephoning three attorneys and a bail bondsman whose names were mentioned while he was at the police station on March 12th, 13th and 14th. Holzer did not take the stand.

Officer Rogers testified in rebuttal that he had in his file official police forms relating to telephone calls made by appellant while he was in custody.

The first contention to be considered is that the court committed error in allowing in evidence the shirt and tie clasp stolen in the Anderson burglary for the reason that they were obtained by means of an unlawful search and seizure. Upon this point it is urged that the first two searches of the apartment were illegal as having been conducted without probable cause and that the search under the warrant was illegal because the warrant was improperly issued. We are unable to agree.

It is unnecessary for us to determine the validity of the search undertaken in appellant's presence because none of the items discovered in the apartment at that time was offered in evidence by the People.  ▆▆ With respect to the second search, the officers went to the apartment in the company of Holzer. Appellant testified that Holzer lived in the apartment and there was no evidence to the contrary. Since Holzer had given the information which led to Hall's arrest it is to be presumed that the search was made with his consent. If Hall had wished to counter the presumption he could have called Holzer to testify that he was taken to the apartment against his will. But Holzer did not testify. We do not doubt that the consent of one of two accused, who has confessed to a crime, was sufficient to warrant the officers in searching the premises occupied by himself and his codefendant in an effort to find the proceeds of the crime.

▆▆ But there is an additional reason why the claim of an unlawful search and seizure is without merit. The shirt and tie clasp were retrieved from the apartment under the authority of a warrant. The warrant was to be presumed valid unless its invalidity was established by the defense. The burden was upon appellant to show that the warrant was improperly issued. However, no attempt was made at the trial to impeach the validity of the search warrant and the record does not disclose that Hall attacked the warrant in proceedings in advance of the trial before the magistrate who issued it. During the cross-examination of Officer Rogers, Hall's attorney asked if the witness had a copy of the warrant in his possession; Rogers replied that he had with him a copy of the return; counsel did not ask to see the return and no effort was made to procure the warrant or the affidavit, if any, upon which the warrant issued. It is accordingly vain to argue on

appeal that the warrant was invalid. (*People* v. *Thornton,* 161 Cal.App.2d 718 [327 P.2d 161]; *People* v. *Phillips,* 163 Cal.App.2d 541 [329 P.2d 621]; *People* v. *Nelson,* 171 Cal. App.2d 356 [340 P.2d 718]; *People* v. *Lepur,* 175 Cal.App. 2d 798 [346 P.2d 914]; *People* v. *Dosier,* 180 Cal.App.2d 436 [4 Cal.Rptr. 309].) We conclude that the shirt and tie clasp were properly received in evidence.

It is next contended that the court should not have admitted the evidence of Holzer's statements as related by Hooper and Hall's failure to deny them. Appellant argues that the statements were not accusatory, hence it was not incumbent on him to reply to them, and that they were obtained in violation of his constitutional right to be taken promptly before a magistrate and to consult with counsel. There is no substance to either argument.

It is settled that undenied accusations are admissible against an accused when made under circumstances where his silence tends to indicate a consciousness of guilt. (*People* v. *Davis,* 43 Cal.2d 661 [276 P.2d 801].)

We cannot hold that the statements of Holzer which Hooper related to appellant did not constitute accusations of complicity in the burglaries charged in the informations. We have already given the substance of those statements and it is unnecessary to repeat them. The fur pieces, the shirt and the tie clasp were exhibited to Hall during the interrogation. He was accused in unmistakable language of burglarizing the Dervin residence and taking one of the stoles. When the other items were shown him and he was informed of Holzer's statements that he had them in his possession he could not have failed to understand that he was being asked to account for his possession of stolen property. It cannot be said, as a matter of law, that Hall was under no duty to deny the statements of Holzer in order to dispel any adverse inferences that could be drawn from his silence. It was certainly to his advantage to deny them if they were false, or explain how the goods came into his possession in a manner consistent with his innocence. Whether he remained silent because he was aware of his guilt or because he was not allowed to confer with an attorney was a question for the court to resolve from the conflicting testimony of appellant and Officers Rogers and Gaskell. We need only say that there was evidence from which the court could have inferred that appellant placed telephone calls to several attorneys while he was in custody and no doubt the court did draw the inference. Nor are we

persuaded that the evidence of the interrogation should have been excluded upon the additional ground that the officers did not take appellant before a magistrate within 48 hours after his arrest, as required by Penal Code, section 825. Violation of the statute furnishes no ground for exclusion of a defendant's admissions unless it is shown that the illegal detention was responsible for them. (*Rogers* v. *Superior Court*, 46 Cal.2d 3 [291 P.2d 929].)

The final contention to be considered is that the evidence was insufficient to justify the three convictions of burglary. As to the Dervin burglary we agree; as to the Ashton and Anderson burglaries, we cannot agree.

■ There was no sufficient evidence from which the court could have inferred appellant's guilt of the Dervin burglary. No showing was made that appellant had possession of the fur piece and overnight case stolen from Mrs. Dervin. Holzer implicated appellant to Officer Hooper, the latter repeated the accusation to Hall and appellant failed to deny it. Although the conversation between Hooper and the defendants was admissible it was not admissible as proof that Holzer's accusation was true. (*People* v. *Davis, supra.*) According to the latter, appellant exhibited Mrs. Dervin's stole to Mrs. Holzer immediately after the burglary. However, Mrs. Holzer was not questioned about the incident. We must presume that had she been asked about it her testimony would have been adverse to the prosecution. (Code Civ. Proc., § 1963, subd. 5; *People* v. *Crowder*, 126 Cal.App. 2d 578 [272 P.2d 775].) The only evidence upon the Dervin burglary was Hall's admission, which was to be viewed with caution. (Code Civ. Proc., § 2061, subd. 4.) No case has been cited to us, and we have found none, in which, without evidence that an accused has been in possession of stolen goods, an adoptive admission by mere silence, standing alone, has been held sufficient to prove his guilt of burglary.

■ The convictions of the Ashton and Anderson burglaries rest on a more substantial foundation. There was evidence from which the court could properly have inferred that appellant was in possession of the items taken in those thefts. ■ Proof of the possession of stolen property soon after the theft and the absence of a satisfactory explanation of possession of the goods may be sufficient to establish guilt of the theft. (*People* v. *Renteria*, 162 Cal.App.2d 590 [328 P.2d 266].) ■ When appellant was questioned by the officers he gave no explanation of his possession of Mrs. Ash-

ton's stole and the presence of Anderson's belongings in his home. Whether he gave a satisfactory explanation in his testimony was for the trier of fact to determine, not for a reviewing court. The evidence on these counts was adequate to support the judgment.

No point is made that the court erred in revoking appellant's probation upon his prior felony conviction and the appeal from the order of revocation must be deemed abandoned.

The judgment and order denying new trial are reversed as to Count I of information No. 213561 (Dervin); as to Count II of information No. 213561 (Ashton) and Count II of information No. 213588 (Anderson), they are affirmed. The order revoking probation is affirmed.

Vallée, J., and Ford, J., concurred.